WAGNER, Respondent, vs. CITY OF MILWAUKEE and others, Appellants.

*May 9—June 18, 1928.*

For the appellants there was a brief by *John M. Niven,* city attorney, and *Charles W. Babcock* and *Robert J. Gunnis,* assistant city attorneys, and oral argument by *Mr. Gunnis.*

For the respondent there was a brief by *Lamfrom, Tighe, Engelhard & Peck,* attorneys, and *Leon B. Lamfrom,* of counsel, all of Milwaukee, and oral argument by *Leon B. Lamfrom.*

STEVENS, J. ■ The plaintiff does not ask that the money be returned which had been paid for printing done after the contract expired. The only relief demanded is that future payments be restrained. Cases that hold that equity will not compel the repayment of money illegally paid by a municipality where the city has received value for its money throw no light upon the question presented by this appeal. Nor are we aided by those decisions which hold that the courts will not restrain the irregular exercise of power by public officials when its exercise in no way jeopardizes the private rights of the citizen or taxpayer seeking judicial relief.

■ It clearly appears in this case that the payment restrained would result in an illegal disbursement of the money of the taxpayers of Milwaukee. The illegal disbursement of this money would constitute an invasion of the funds of the city in which each individual taxpayer has a substantial interest, notwithstanding the fact that the payment of this sum would not necessarily result in increased taxation. The fact that the ultimate pecuniary loss to the individual taxpayer may be almost infinitesimal is not controlling. Every taxpayer, great or small, has an interest in the disposition of the funds belonging to the city. "Courts will not stop to balance differences or to enter into computations to ascer-

tain just how much the taxpayer will be likely to suffer, and then grant or deny relief according as they find his loss will be great or small." *Mueller v. Eau Claire County,* 108 Wis. 304, 311, 84 N. W. 430.

■ Whenever a city charter requires public work to be let to the lowest bidder, "it has been uniformly held that the failure to call for bids in the prescribed way . . . is fatal to the proceeding." *Chippewa B. Co. v. Durand,* 122 Wis. 85, 97, 99 N. W. 603. " 'The law requiring contracts to be let to the lowest bidder is based upon public economy, and originated, perhaps, in the distrust of public officers whose duty it is to make contracts. It is of great importance to taxpayers, and ought not to be frittered away by exceptions.' . . . The legislature having seen fit to hedge about municipal action by restrictions so obviously of value to the body politic, it is not for the courts to alter or vary them. Courts have no power to throw the law into a melting pot, and recast it at pleasure. They must enforce plain provisions and restrain palpable evasions. The object of the law being to prevent favoritism, corruption, extravagance, and improvidence in municipal action, any arbitrary decision on their part outside of the prescribed limits will be closely scrutinized, and promptly restrained." *Ricketson v. Milwaukee,* 105 Wis. 591, 604, 81 N. W. 864.

The city having failed to follow the plain mandate of its charter that the contract should be let to the lowest bidder, there was no right to expend city funds for this printing, unless these payments were made to the one who secured the contract for the work by submitting the lowest bid therefor.

■ The attempt of the city council to ratify the acts of the city officers and to direct them to continue the publication of the proceedings "without the intervention of a formal contract" was so clearly in contravention of the plain mandate of the charter as to be nugatory and to confer

no power upon the city officials to make these payments. To hold that the city can, without compliance with the provisions of its charter as to letting contracts to the lowest bidder, ratify and validate illegal action on the part of city officials would confer upon the common council of the city the power to nullify the provisions of its fundamental law at will.

*By the Court.*—Judgment affirmed.