GOTTLIEB, Plaintiff-Appellant, v. CITY OF MILWAUKEE, Defendant-Respondent.

Court of Appeals

*No. 78–360. Argued March 21, 1979.—Decided April 23, 1979.*
(Also reported in 279 N.W.2d 479.)

88

For the plaintiff-appellant there were briefs and oral argument by *Manuel Gottlieb*, pro se, of Manitowish Waters, Wisconsin.

For the defendant-respondent there were briefs and oral argument by *Thomas W. St. John* of *Friebert & Finerty*, Milwaukee, with whom on the brief was *John D. Finerty* and *Robert H. Friebert*.

Before Decker, C.J., Cannon, J., and Moser, J.

MOSER, J. This is an appeal from the trial court's order granting the defendant's motion to dismiss the

plaintiff's complaint which sought declaratory and injunctive relief.

On October 8, 1974, the city of Milwaukee Common Council adopted a resolution expressing the intent to permit the issuance of industrial development revenue bonds (IRB) to be used for the development of a central processing facility for the disposal and recycling of solid waste and related facilities pursuant to sec. 66.521, Stats.

On that same date the council adopted an alternative resolution for the same facility but stated that it intended to finance the facility through the issuance of public improvement bonds pursuant to sec. 66.059, Stats.

On August 19, 1975, the required public notice pursuant to sec. 66.521(10)(b), Stats., was given. The notice provided the electors of the city the opportunity to file a petition for referendum with the city clerk. No such petition was ever filed pursuant to that section.

Subsequent to the passage of the resolution by the common council, the city entered into a contract with American Can Company for the construction of the facility. This construction was completed at the time of the industrial development revenue bond issue. On December 16, 1974, the common council approved the construction contract which was signed January 16, 1975.

An additional resolution was passed on November 28, 1977, authorizing the bond issue which took place on December 2, 1977. Prior to the bond closing, the bond documents were amended to accurately set forth the plaintiff's threat of litigation.

The plaintiff sought a declaratory judgment to determine the validity of the November 28, 1977, resolution authorizing the issuance of the IRB bonds and alternatively injunctive relief should the bond issue be declared invalid. This was followed with a motion to dismiss on behalf of the defendant pursuant to sec. 802.06(2), Stats. The trial court granted the dismissal of the plaintiff's complaint by memorandum decision signed June 30, 1978.

The order, which dismissed the plaintiff's complaint with prejudice and without leave to replead, thereby dismissing the case on its merits, was filed with the court on September 8, 1978.

The trial court's written decision hinged on three grounds:

1. The taxpayer lacked standing to sue since neither he, or whoever he claimed to represent, nor the defendant city of Milwaukee, would ever suffer monetary loss. The complaint was dismissed pursuant to sec. 802.06(2) (a), Stats.

2. The court lacked subject matter jurisdiction pursuant to sec. 802.06(2) (b), Stats.

3. The plaintiff failed to join a necessary party pursuant to sec. 802.06(2) (g), Stats., because he failed to join American Can Company as required by sec. 803.-03(1).

It is from this order that Gottlieb appeals. The issues presented on this appeal are:

1. Whether the trial court properly dismissed the complaint pursuant to sec. 802.06(2) (a), Stats., because the plaintiff had no standing to sue since neither the plaintiff taxpayer nor the city could be required to repay possible defaults on the bond issue.

2. Whether the trial court lacked subject matter jurisdiction pursuant to sec. 802.06(2) (b), Stats., since there was a failure to comply with sec. 66.521(10) (b) and (d).

3. Whether the trial court properly dismissed the suit pursuant to sec. 802.06(2) (g), Stats., because the plaintiff failed to join American Can Company as a necessary party pursuant to sec. 803.03(1).

## STANDING

Two of the criteria for declaratory relief are that the controversy must be between persons who are adverse

and that the party seeking such relief must have a legal interest in the controversy, that is to say, a legally protected interest.[1]

Gottlieb argues that he has standing to sue because he is a taxpayer of the city of Milwaukee and will suffer pecuniary disadvantage because (1) an enactment of the city government is illegal; (2) the city's credit will be adversely affected if the private corporation obligated to pay the IRB bonds goes into default; and (3) this form of bond issue amounts to a tax exemption resulting in all other taxpayers, including Gottlieb, paying more taxes.

Gottlieb does not take issue with the following facts. The October 8, 1974, resolution established the intent to permit the issuance of limited obligation IRB bonds for the development of the facility. The August 19, 1975, public notice had this statutory requirement embodied in it in bold print. The common council resolution authorizing IRB bonds on the facility had within its terms these same statutory limitations. Finally, the IRB bonds that were issued had these statutory limitations printed on the face of the bonds.[2]

A taxpayer seeking injunctive relief against claimed illegal expenditures of public monies has standing even if such expenditure would not increase taxes and even though the ultimate pecuniary loss to the individual

---

[1] *Thompson v. Kenosha,* 64 Wis.2d 673, 678, 221 N.W.2d 845, 849 (1974).

[2] All such IRB bonds are limited obligation bonds as stated in: 66.521(4) All bonds issued by a municipality under the authority of this section shall be limited obligations of the municipality. . . . Bonds and interest coupons issued under authority of this section shall never constitute an indebtedness of the municipality, within the meaning of any state constitutional provision or statutory limitation, and shall not constitute nor give rise to a pecuniary liability of the municipality or a charge against its general credit or taxing powers. Such limitation shall be plainly stated on the face of each such bond.

would be almost infinitesimal; such factors are not controlling and will not bar such a cause of action.[3] When taxpayers sue for declaratory relief from a statute requiring expenditure of public funds, the complaint, even though it does not allege pecuniary loss, will be liberally construed to incorporate such missing allegations.[4]

Because the IRB bonds shall never constitute an indebtedness of the municipality nor be a charge against the municipality's general credit or taxing power,[5] Gottlieb cannot show even an infinitestimal taxpayer pecuniary loss. No amount of tortured logic can expell the fact that there is not now nor will there ever be in the future, any expenditure of public funds or that there is not now nor will there possibly be in the future, any charges against the city's credit.

The trial court was correct when it determined Gottlieb had no standing to sue for declaratory relief since the statute,[6] which is constitutional,[7] expressly negates the municipality's authority to create an indebtedness within the meaning of any state constitutional or statutory limitation.[8] The city, in its resolutions, required notice, and issuance of the bonds met all statutory requirements of sec. 66.521, Stats. Gottlieb has no standing to sue as he has no legally protected interest to entitle him to declaratory relief.[9]

Gottlieb next claims he has standing because the bond issued will result in a tax exemption which forces other

---

[3] *Wagner v. Milwaukee,* 196 Wis. 328, 330, 220 N.W. 207, 208 (1928).

[4] *Thompson v. Kenosha, supra,* at 680, 221 N.W.2d at 849.

[5] Sec. 66.521(4), Stats.

[6] Sec. 66.521(4), Stats.

[7] *State ex rel. Hammermill Paper Co. v. LaPlante,* 58 Wis.2d 32, 57, 205 N.W.2d 784, 799 (1972).

[8] *Id.* at 64, 205 N.W.2d at 802.

[9] *Thompson v. Kenosha, supra,* 678, 221 N.W.2d at 848.

taxpayers, such as himself to pay more taxes; he therefore has established a pecuniary hurt. The IRB bonds are tax exempt from federal taxation as are all municipal bonds. They are not exempt from Wisconsin taxation.[10] This establishes no pecuniary hurt to Gottlieb and his conclusions in his complaint and brief are just that, his unsupported conclusions and no more.

Gottlieb challenges the trial court ruling that it had no subject matter jurisdiction in this suit for a declaratory judgment. The court's reason for such denial was that Gottlieb did not comply with the referendum requirement of the statute.[11] The trial court, holding that the referendum requirement for challenging the issuance of the IRB bonds was mandatory, determined that a failure of the plaintiff to comply with such requirement left the trial court without subject matter jurisdiction.

Gottlieb argues that the trial court erred in this respect because the notice given in The Daily Reporter was inadequate to reach the people and that the time lag between the original intent resolution of October 10, 1974, the approval of the construction contract of December 16, 1974, the notice in The Daily Reporter of August 19, 1975, and finally the resolution in issue here adopted on November 28, 1977, authorizing the bond issue, were so separate in time that even a conscientious citizen could not follow the sequence to protect taxpayer interests from pecuniary loss.

■

Nowhere in sec. 66.521, Stats., is there any requirement that a city or a common council of a municipality must accomplish: (1) intent; (2) signing of a construction contract; (3) notice and (4) issuance of IRB bonds within some brief period of time, as apparently Gottlieb envisions in his extensive and wordy complaint. The city, in this case, met the requirements of the statute.

[10] Sec. 71.05 (1) (a) 1, Stats.
[11] Sec. 66.521 (10) (d), Stats.

The notice required by the statute[12] necessitated one insertion in the newspaper.[13] The Daily Reporter is a newspaper that meets the statutory requirements to give such notice in Milwaukee County.[14]

The notice given in The Daily Reporter stated that the city of Milwaukee, by resolution pursuant to the statute, intended to issue industrial development revenue bonds not to exceed $15,000,000, on behalf of the American Can Company for a project to consist of a central processing facility for the disposal and recycling of solid waste and related facilities. This notice met the statutory requirements.[15] It was not vague or tardy as Gottlieb claims.

Gottlieb argues that the trial court erred because the Wisconsin Supreme Court has obviously entertained a declaratory judgment suit concerning IRB bonds,[16] and therefore, a trial court does have jurisdiction regardless of compliance with the referendum requirements. His reasoning is misplaced because the suit in question was an original action testing the constitutionality of the statute as enacted. That action was commenced when the mayor of Kaukauna refused to carry out the instructions of Kaukauna's common council which required him to sign the project purchase and financing agreement and a lease. The common council of Kaukauna had not yet arrived at the notice stage required by the statute.[17]

We agree with the trial court that if there is a failure to comply with the referendum requirements, Gottlieb, and all taxpayers, lose all right to protest the issuance of IRB bonds under the resolution contested herein.

[12] Sec. 66.521(10)(b), Stats.

[13] Sec. 985.07(1), Stats.

[14] Sec. 985.03(1)(c), Stats.

[15] Sec. 66.521(10)(b), Stats.

[16] *State ex rel. Hammermill Paper Co. v. LaPlante, supra.*

[17] Sec. 66.521(10)(b), Stats.

The maxim or rule that a statute which expreses one thing is exclusive of another,[18] is applied to statutory interpretation. Where a form of conduct, the naming of its performance and operation, the persons and things to which it refers, are designated, there is an inference that all omissions should be understood as exclusions.[19] The rule is that if a statute provides one thing, a negative of all others is implied.[20] Where a statute grants authority to do a thing and prescribes the manner of doing it, the rule is clear that the provision as to the manner of doing the thing is mandatory, even though the doing of it in the first place is discretionary.[21] The rule should be employed only as a means of discovering legislative intent.[22] Wisconsin has applied this familiar rule.[23]

Here the statutory notice provision and the notice given in this instance was notice to all citizens of the city of Milwaukee that they had thirty days to file petitions of 5% of the registered electors to petition for a referendum on the bond issue. While this type of petition is discretionary with the registered electors, it is the mandatory procedure to be used by the registered electors to protest the proposed bond issue. We determine the statu-

[18] *Expressio unius est exclusio alterius.* Black's Law Dictionary 692 (rev. 4th ed. 1968).

[19] 2A Sutherland Statutory Construction §47.23 at 123; 82 C.J.S. *Statutes* §333 at 666.

[20] 2A Sutherland Statutory Construction §57.10 at 428.

[21] 2A Sutherland Statutory Construction §57.10 at 428.

[22] 82 C.J.S. *Statutes* §333(b) at 668; 73 Am. Jur.2d *Statutes* §212 at 406; 2A Sutherland Statutory Construction §47.25 at 132.

[23] *State ex rel. Harris v. Larson,* 64 Wis.2d 521, 527, 219 N.W.2d 335, 339 (1974); *Teamster's v. County of Waukesha,* 57 Wis.2d 62, 67, 203 N.W.2d 707, 710 (1973); *Hoeft v. Milwaukee & Suburban Transport Corp.,* 42 Wis.2d 699, 708, 168 N.W.2d 134, 138 (1969).

tory remedy of protest to be exclusive of any other remedy.

The original assembly bill,[24] the enabling legislation for the issuance of IRB bonds, included the requirement that after public notice was given, a public hearing had to be held prior to the issuance of the bonds. This alternative method of expressing opposition to the issuance of IRB bonds was deleted from the final bill.[25] This is evidence of the legislature's intent to establish the referendum protest as the exclusive method to be used by protesting electors. We therefore apply the maxim.

We further agree with the trial court's statement that Gottlieb's present remedy, as is any other citizen's, is in a public forum and not in a judicial one. As the Illinois appellate court stated when ruling on a similar statute:

Since the statute under which the City Council adopted the ordinance in question specifically provides the method to be followed by electors seeking a referendum thereon and fixes the time within which such action may be taken, any other method of procedure by the electors or limitation upon such action is impliedly excluded.[26]

For the above reasons we need not address the issue of failure to join a necessary party.

*By the Court.*—Order affirmed.

---

[24] Assembly Bill 1354 (1973).

[25] Substitute Amendment 1 to 1973 Assembly Bill 1354.

[26] *In re Loughmiller*, 3 Ill. App.2d 146, 120 N.E.2d 683, 686 (1954).