FRED RUEPING LEATHER COMPANY, a Wisconsin corporation; Tolibia Cheese, Inc., a Wisconsin corporation; and Borden, Inc., a foreign corporation, Plaintiffs-Respondents,

v.

CITY OF FOND DU LAC, a municipal corporation, Defendant-Appellant.

Court of Appeals

*No. 80–032. Submitted on briefs August 4, 1980.—Decided September 16, 1980.*
(Also reported in 298 N.W.2d 227.)

1

2

For the defendant-appellant there was a brief by *John M. Keefe,* city attorney, of Fond du Lac.

For the plaintiffs-respondents there was a brief by *John E. Knight* and *Walter Kuhlmann* of *Boardman, Suhr, Curry & Field* of Madison. Of counsel were *A. L. Edgarton* and *A. D. Edgarton* of *Edgarton & Hobbs* of Fond du Lac.

Before Voss, P.J., Brown and Scott, J.J.

VOSS, P.J.   This is an appeal from a decision of the circuit court for Fond du Lac county where upon cross-motions for summary judgment the court found in favor of plaintiffs. The City raises the following issues on appeal: (1) Is the "in lieu of tax" charge an allowable method of sewerage treatment cost recovery under sec. 66.076(4), Stats.? (2) Does the statutory framework of ch. 66, Stats., support the City's contention that the "in lieu of tax" charge is a proper means of sewerage treatment cost recovery? (3) Did the trial court give undue significance to Wis. Adm. Code, sec. PSC 109.05 in barring the City's use of the "in lieu of tax" charge? We agree with the trial court's decision and, therefore, affirm.

On June 28, 1978, the city council of the city of Fond du Lac amended a section of their municipal ordinances which dealt with the formula used to charge customers for sewerage treatment services. The amended formula was substantially the same as the old formula, but the new formula included an "in lieu of tax" charge.[1] The

---

[1] The new formula included a user charge for the operation, maintenance, replacement of facilities, debt service charge to assist

"in lieu of tax" charge was defined as "a tax equivalency determined by equalizing the gross book value of fixed assets as of January 1 of that year and multiplied by the local and school tax rate for the same year." Questioning the legality of the "in lieu of tax" charge, plaintiffs filed suit alleging defect under sec. 66.076(4),[2] Stats., in that such a charge bore no direct or indirect relationship to the construction, reconstruction, improvement, extension, operation, maintenance, repair and depreciation of the sewerage system. The collection of the "in lieu of tax" charge results in the City's sewerage treatment facility paying an amount equivalent to the property tax that would be imposed on it if it were privately owned and not a tax-exempt city department.

It should be noted that when called upon to review the granting or denial of a summary judgment motion, this court must apply the standards set forth in sec. 802.08, Stats., in the same manner as trial courts. *Heck & Paetow Claim Service, Inc. v. Heck,* 93 Wis.2d 349, 356, 286 N.W.2d 831, 834 (1980).

the City in amortizing the local share of the capital cost of constructing the sewerage system and the in lieu of tax charge.

[2] Section 66.076(4), Stats., reads as follows:

(4) The governing body of the municipality may establish sewerage service charges in such amount as to meet all or part of the requirements for the construction, reconstruction, improvement, extension, operation, maintenance, repair and depreciation of the sewerage system, and for the payment of all or part of the principal and interest of any indebtedness incurred thereof, including the replacement of funds advanced by or paid from the general fund of the municipality. Service charges made by a metropolitan sewerage district to any town, village or city shall in turn be levied by such town, village or city against the individual sewer system users within the corporate limits of such municipality, and the responsibility for collecting such charges and promptly remitting same to the metropolitan sewerage district shall lie with such municipality. Delinquent charges shall be collected in accordance with sub. (7).

The City, on appeal, first argues that the "in lieu of tax" charge is a permissible operating expense under sec. 66.076(4), Stats. We disagree.

Subsection 66.076(4), Stats., expressly sets forth the costs which may be recovered by the collection of sewerage service charges. Charges may be imposed for essentially two purposes: (1) to recover expenses for construction, reconstruction, improvement, extension, operation, maintenance, repair and depreciation of the sewerage facility, and (2) to meet debt obligations incurred because of operational expenses of the system. Evidence before the trial court, however, clearly established that the "in lieu of tax" charge was imposed for neither of the two statutory purposes. The city comptroller freely admitted that the "in lieu of tax" charge was not used for either the payment of operational expenses or the payment of debts incurred as a result of meeting those expenses.

The City contends that a tax equivalency charge is merely an accounting principle and such a charge is a proper operational cost of a municipal enterprise. This position fails for two reasons. First, there is no evidence in the record supporting the City's contention that a tax equivalency charge is an accounting principle and an "operational cost of a municipal enterprise." Second, the City fails to show how the amounts collected under the "in lieu of tax" charge, even if considered "operational" by accountants, relate to the permissible areas of cost recovery under sec. 66.076(4), Stats.

The City argues at length that this court should ignore what we believe to be a clearly worded statute and review other sources of authority in an effort to aid in the construction of sec. 66.076(4), Stats. This we will not do. Subsection (4) sets forth in detail the types of sewerage treatment costs which are properly recover-

able, and we believe no further construction of that language is necessary.

The most basic rules of statutory interpretation support our conclusion that a plain reading of sec. 66.076 (4), Stats., bars the imposition of an "in lieu of tax" charge and no other statutory authority need be consulted. The maxim or rule that a statute which expresses one thing is exclusive of another[3] is one of these basic rules. This familiar principle is a valid logical inference when interpreting statutes. *State ex rel. Harris v. Larson,* 64 Wis.2d 521, 527, 219 N.W.2d 335, 339 (1974); *Gottlieb v. City of Milwaukee,* 90 Wis.2d 86, 95, 279 N.W. 2d 479, 483 (Ct. App. 1979). By enumerating specific sewerage costs which may be recovered in sec. 66.076 (4), Stats., and by failing to include a tax equivalency in that list, the legislature's intention not to permit recovery of such a cost may be presumed. By the inclusion of tax equivalency recovery in other statutory provisions regulating municipal utilities other than sewerage systems,[4] it can be inferred that the legislature chose to disallow such a recovery for municipal sewerage systems.

Another basic rule which leads this court to conclude that we need not look to extraneous sources to determine the propriety of the "in lieu of tax" charge is the rule that the more specific statutory language is to control over the less specific. *Schlosser v. Allis-Chalmers Corp.,* 65 Wis.2d 153, 161, 222 N.W.2d 156, 160 (1974); *Kramer v. Hayward,* 57 Wis.2d 302, 311, 203 N.W.2d 871, 876 (1973). In this case, the detailed provisions of sec. 66.-076(4), Stats., must be construed to be controlling over all the other statutory provisions the City cited to this court to aid in our construction.

---

[3] *Expressio unius est exclusio alterius.* Black's Law Dictionary 692 (rev. 4th ed. 1968).

[4] *See* sec. 66.069(1)(c), Stats.

Application of the statutory interpretation that the City suggests would effectively nullify the existence of sec. 66.076(4), Stats., in that it would render it superfluous. Basic rules of statutory interpretation forbid this result. *State ex rel. Lynch v. Conta,* 71 Wis.2d 662, 692, 239 N.W.2d 313, 333 (1976); *Associated Hospital Service, Inc. v. City of Milwaukee,* 13 Wis.2d 447, 463, 109 N.W.2d 271, 279 (1961). Thus, the City's argument that we should declare the City's sewerage treatment facility to be a "public utility" under sec. 66.069(1)(c), Stats.,[5] a subsection which allows the collection of a tax equivalency charge, cannot be accepted since such a construction would effectively nullify sec. 66.076(4), Stats., and put sec. 66.069(1)(c), Stats., in its place.

Lastly, the City's contention that the trial court placed undue and improper significance upon Wis. Adm. Code, sec. PSC 109.05 is without merit. Section PSC 109.05 provides that "[n]o tax equivalent shall be determined for sewer utilities." At no time did the trial court conclude that this statute applied to the City. Indeed, the crux of the trial court's reasoning was that sec. 66.076 (4), Stats., was the only applicable statute since the City's sewerage system was not a "public utility" under secs. 196.01, 66.06 and 66.069(1)(c), Stats. Apparently, the trial court merely found it significant that governing bodies other than the legislature also denied the

[5] Section 66.069(1)(c), Stats., reads as follows:

(c) The income of a public utility owned by a municipality, shall first be used to meet operation, maintenance, depreciation, interest, and sinking fund requirements, local and school tax equivalents, additions and improvements, and other necessary disbursements or indebtedness. Income in excess of these requirements may be used to purchase and hold interest bearing bonds, issued for the acquisition of the utility, or bonds issued by the United States or any municipal corporation of this state, or insurance upon the life of an officer or manager of such utility, or may be paid into the general fund.

use of tax equivalent charges by sewerage facility operators under their control. We do not find this comparison unreasonable.

*By the Court.*—Judgment affirmed.