GEORGE W. CROWNHART, General Counsel State of WisconsinInvestment Board
The State of Wisconsin Investment Board (SWIB) requests my opinion on a number of questions relating to placing an employe or member of the SWIB on the board of directors of a private corporation in which the SWIB has an equity or debt investment.
Your first question asks:
 Does the Investment Board have the statutory authority to have its employes serve on one or more Board of Directors of a private corporation where the Investment Board has an equity or debt investment in the corporation?
It is my opinion that the SWIB lacks the statutory authority to have its employes serve on boards of directors of private companies except during the limited period in which the SWIB is liquidating a corporation, 100 percent of whose common stock it owns.
As an administrative agency created by the Legislature, the SWIB has only those powers which are expressly conferred or which are necessarily implied by statutes under which it operates. Furthermore, any reasonable doubt as to the existence of implied power should be resolved against the exercise of such authority.Kimberly-Clark Corp. v. Public Service Comm., 110 Wis.2d 455,461-62, 329 N.W.2d 143 (1983); State (Dept. of Admin.) v. ILHRDept., 77 Wis.2d 126, 136, 252 N.W.2d 353 (1977).
The SWIB executive director is employed under the authorization of section 25.156 (2), Stats., which reads:
 (2) The members of the board shall employ an executive director, who shall serve outside the classified service, at the pleasure of the members of the board. Such director shall be qualified by training and prior experience to manage, administer and direct the investment of funds. *Page 214 
Other SWIB employes are employed under the authority of section25.16 (2) and (3), as amended by 1985 Wisconsin Act 29, section 629:
 (2) The executive director shall appoint the employes necessary to perform the duties of the board under the classified service. [These]*, except that the executive director shall [include]* appoint investment directors in the unclassified service. The members of the board shall participate in the selection of such directors. Such investment directors shall serve a probationary period of not less than 6 months nor more than 2 years as determined by the members of the board. Neither the executive director, any investment director nor any employe shall have any financial interest, either directly or indirectly? in any firm engaged in the sale or marketing of real estate or investments of any kind, nor shall any of them render investment advice to others for remuneration.
* [EDITORS' NOTE: THE TEXT CONTAINED WITHIN THE BRACKETS WAS STRICKEN THROUGH IN THE ORIGINAL TEXT.]
 (3) The executive director may appoint an executive assistant who shall serve at the pleasure of the executive director outside the classified service. The executive assistant shall perform the duties prescribed by the executive director.
The primary duty of the investment director and other SWIB employes is to "invest" state funds. Sec. 25.17, Stats. Subsidiary "additional powers" are granted by section 25.18 to aid the SWIB in its duty to "invest." I find nothing in these sections nor in the remainder of chapter 25, Stats., that authorizes the SWIB to place an employe on the board of directors of a private corporation. Since there is no specific delegation of such authority by the Legislature, I must inquire whether that authority is implied in the duty to "invest."
Webster's Ninth New Collegiate Dictionary at page 636 defines "invest" as "to commit (money) in order to earn a financial return." Participation in the management of the company which is the subject of the investment does not appear to be an element of the definition. It further appears that the Legislature's view of "invest" was so limited, since additional powers which the Legislature deemed necessary, but which are not included within the definition of "invest," are granted in section 25.18. For example at subsection (1)(d), section 25.18 authorizes the SWIB to: *Page 215 
 Liquidate or cause to be liquidated any corporation 100% of whose common stock is owned by the board, or operate such corporation until it can be liquidated
to recoup the investment of the board, but such period shall not exceed 5 years.
The Legislature has therefore specifically authorized the SWIB to manage a corporation under the limitations set forth in such section.
 The maxim or rule that a statute which expresses one thing is exclusive of another, is applied to statutory interpretation. Where a form of conduct, the naming of its performance and operation, the persons and things to which it refers, are designated, there is an inference that all omissions should be understood as exclusions. The rule is that if a statute provides one thing, a negative of all others is implied.
Gottlieb v. Milwaukee, 90 Wis.2d 86, 95, 279 N.W.2d 479 (Ct. App. 1979) (footnotes omitted).
I see no basis for necessary implication that the authority to "invest" includes the authority to participate in management of the subject of the investment. The Legislature has specifically considered and in section 25.18 sets forth the "additional powers" granted to the SWIB to aid in its duty to "invest." The right to manage a private corporation is granted only in specific circumstances. I find no necessary implication in the statutes to support an expansion of the expressly granted authority of section 25.18.
You also ask the following:
 If, at some point in time, the Investment Board should own a majority interest in a company and is solicited by the company to either nominate or put onto the Board of Directors a member of the Investment Board, would the service of a member of the Investment Board on such outside corporate board be as an employe of the State of Wisconsin?
It is my further opinion that the statutes do not expressly or by necessary implication authorize the SWIB to place one of its board members on the board of directors of a private corporation. Sections 25.17 and 25.18, previously discussed, set the parameters of legislatively delegated authority, whether that authority is exercised by the board itself or through its employes. I find nothing additional *Page 216 
in chapter 25 that requires further discussion or leads to a different result.
You ask a number of questions regarding the liability of a SWIB representative on the board of directors of a private corporation. These questions are rendered moot since I have previously determined herein that the SWIB lacks the statutory authority to place an employe or SWIB board member as its representative on the board of directors of a private corporation.
BCL:WMS *Page 217