ROBERT HAASE, Commissioner Office of Commissioner of Insurance
Your predecessor asked two questions concerning the applicability of the insurance code to insurance contracts purchased or administered by the Group Insurance Board (GIB) to cover state and municipal employes. Secs. 40.03 (6) and 40.51
(7), Stats. To paraphrase the request, the two questions are:
1. Does section 632.895 (5m), Stats., apply to group health insurance contracts between health maintenance organizations and the GIB?
2. May the GIB establish a pool of municipal employers under section 40.51 (7) to provide health care benefits on a self-funded basis?
For the reasons which follow, my answer is "no" to both questions.
Section 632.895, which is part of the Wisconsin Insurance Code, is entitled "mandatory coverage." Subsection (5m) of that section states:
 COVERAGE OF GRANDCHILDREN. Every disability insurance policy issued or renewed on or after May 7, 1986, that provides coverage for any child of the insured shall provide the same coverage for all children of that child until that child is 18 years of age.
"Disability insurance policy" is defined at section 632.895
(1)(a) as: "surgical, medical, hospital, major medical or other health service coverage." There is no mention of the state nor a state agency in section 632.895. *Page 312 
Chapter 40 defines the responsibilities of the Department of Employe Trust Funds and the various boards which administer the public employe trust fund. One of these, the GIB, is authorized to provide group insurance plans for public employes and their dependents. See sec. 40.03 (6), Stats. This may be done on a self-insured basis, where the board contracts directly with the providers of health care services, or it may be done by entering into contracts with outside insurers. See sec. 40.03 (6)(a)2. and (6)(a)1., Stats., respectively.
Section 40.02 (20) is part of the definitional section which begins chapter 40. It states:
 "Dependent" means the spouse, minor child, including stepchildren of the current marriage dependent on the employe for support and maintenance, or child of any age, including stepchildren of the current marriage, if handicapped to an extent requiring continued dependence. For group insurance purposes only, the department may promulgate rules with a different definition of "dependent" than the one otherwise provided in this subsection for each group insurance plan.
Section 632.895 (5m) requires that health service policies extend coverage to include the insured's grandchildren. Such section does not specifically include the state or GIB. Section40.02 (20), defining "dependent" for Wisconsin Retirement System purposes only, does not include grandchildren of the insured. The Department of Employe Trust Funds (DETF) is also authorized by section 40.02 (20) to promulgate rules establishing a different definition of "dependent" for group insurance purposes. Such a different definition of "dependent" (which does not include the insured's grandchildren) was promulgated under this authority at Wis. Admin. Code § ETF 10.01 (2)(b), which states:
(2) "Dependent" means:
. . . .
 (b) For health insurance purposes, an employe's spouse and an employe's unmarried child who is dependent upon the employe or the employe's former spouse for at least 50% of support and maintenance. In this paragraph, "child" includes a natural child, stepchild, adopted child, child in an adoptive placement under s. 48.837
(1), Stats., and a legal ward who became a legal *Page 313 
ward of the employe or the employe's former spouse prior to age 19, and who is:
1. Under the age of 19,
 2. Age 19 or over but less than age 25 if a full-time student, or
 3. Age 19 or older and incapable of self-support because of a physical or mental disability which is expected to be of long-continued or indefinite duration.
Thus, neither the specific statute nor the specific rule defining "dependent" for GIB group health insurance plans includes the section 632.895 (5m) required coverage for grandchildren.
 Statutory provisions which are written in such general language as to make them reasonably susceptible to being construed as applicable alike both to the government and to private parties are subject to a presumptive rule of construction which exempts the government from their operation in the absence of other particular indicia supporting a contrary result in particular instances.
 This rule has long been followed in Wisconsin. See, e.g., State ex rel. Dept. of Pub. Instruction v. ILHR, 68 Wis.2d 677, 680-81, 229 N.W.2d 591, 593-94 (1975); Door County v. Plumbers Local No. 298, 4 Wis.2d 142, 150, 89 N.W.2d 920, 924 (1958), revd on other grounds, 359 U.S. 354 (1959); Stale ex rel. Martin v. Reis, 230 Wis. 683, 687, 284 N.W. 580, 582 (1939).
Wis. Vet. Home v. Div. Nurs. Forfeit. Appeals, 104 Wis.2d 106,110, 310 N.W.2d 646 (Ct.App. 1981).
The rule of explicit inclusion, as it has come to be known, is derived from the presumption that "the legislature does not intend to deprive the crown of any prerogatives, rights, or property unless it expresses its intention to do so in explicit terms." State v. Milwaukee, 145 Wis. 131, 135, 129 N.W. 1101
(1911). This "rule of strict construction" is "given its strongest force when the state would be included in a law `to its hurt'" and applies "`in the absence of other particular indicia supporting a contrary result in particular circumstances.'"Wis. Vet. Home, 104 Wis.2d at 110-11. The state is hurt where there is interference with its exercise of authority in the administration of the affairs of state. See Wis. Vet. Home,104 Wis.2d at 112-13. *Page 314 
Since section 40.02 (20) establishes (and authorizes by unrestricted rule-making) a definition of "beneficiary" more restrictive than that set forth in section 632.895 (5m), the state is hurt by the loss of flexibility in contracting for its group health insurance. That infringement of exercise of state authority is even more apparent from the DETF rule promulgated under its section 40.02 (2) rulemaking authority.
Legislative intent to not include the GIB health insurance contracts within those subject to the requirements of section632.895 is apparent in that the Legislature specifically included GIB contracts under the immediately following statute, section632.897. Section 632.897, which establishes general requirements for group health insurance policies, is specifically made applicable, in part, to the GIB by sections 40.51 (3), (4), (5) and (9). I also note that more recently, the Legislature, when enacting an additional requirement in section 632.897 by 1987 Wisconsin Act 27 (the 1987 budget bill), again considered it necessary to specifically include such requirement in section40.51. See sec. 688m of 1987 Wisconsin Act 27.
 The maxim or rule that a statute which expresses one thing is exclusive of another, is applied to statutory interpretation. Where a form of conduct, the naming of its performance and operation, the persons and things to which it refers, are designated, there is an inference that all omissions should be understood as exclusions. The rule is that if a statute provides one thing, a negative of all others is implied.
Gottlieb v. Milwaukee, 90 Wis.2d 86, 95, 279 N.W.2d 479 (Ct. App. 1979) (footnotes omitted). Here the Legislature has enacted two general statutes mandating requirements for health insurance contracts. Specific legislation makes the GIB subject to parts of one of the statutes. The express mention of section 632.897 in chapter 40 negates the intent that the similar statute, section632.895, was also intended to apply to the GIB contracts.
Interpreting the similar general statutes (sections 632.895 and632.897) to apply to the GIB health service contracts would nullify the purpose of sections 40.51 (3), (4), (5), (9) and section 688m of the 1987 Wisconsin Act 27 and render them superfluous. "Basic rules of statutory interpretation forbid this result." Fred Rueping Leather Co. v. City of Fond du Lac,99 Wis.2d 1, 6, 298 N.W.2d 227 (Ct.App. 1980). Thus it appears that had the Legislature intended *Page 315 
the section 632.895 (5m) requirement to be applicable to GIB contracts, it would have included specific reference to that section in section 40.51.
With respect to your second question, section 40.51 (7) provides in pertinent part that "[a]ny employer, other than the state, may offer to all of its employes a health care coverage plan through a program offered by the group insurance board." Elsewhere in chapter 40, the statute defining the powers and duties of the group insurance board state that the board "[m]ay . . . on behalf of the state, provide any group insurance plan on a self-insured basis . . . ." Sec. 40.03 (6)(a)2., Stats.
Municipal employers are not "the state." Instead, municipalities are separate bodies politic and corporate which are created by the state. See Madison v. Hyland, Hall Co.,73 Wis.2d 364, 371-72, 243 N.W.2d 422, appeal dismissed, 429 U.S. 933
(1976), and Bleck v. Monona Village, 34 Wis.2d 191, 196,148 N.W.2d 708 (1967). Pursuant to the plain language of section40.03 (6)(a)2., therefore, the group insurance board may contract directly with health care providers on behalf of state employes, but may not do so on behalf of municipal employes. This interpretation is not only consistent with the statutory language, but it also avoids the potential of creating an obligation on the part of the state to pay the debt of another, which is prohibited by article VIII, section 3 of the Wisconsin Constitution.
DJH:WMS *Page 316