ERIC JOHNSON, District Attorney St. Croix County
Your predecessor requested my opinion on two questions relating to the authority of the state public defender to obtain access to inmates in the county jail who have neither made an initial appearance in court nor requested the assistance of counsel. You specifically ask the following:
 (1) Once the jail inmate has been informed of his right to counsel under section 967.06, Stats., but has not yet asked for the assistance of counsel, is the public defender entitled to interview him in the jail?
 (2) What information must jail personnel provide to the public defender, pursuant to section 967.06, beyond the identities of inmates who have not yet requested the assistance of counsel?
It is my opinion that the state public defender may be denied access to inmates who have not requested the assistance of counsel. It is further my opinion that jail authorities need only provide over the telephone that information necessary for the public defender to assess the need for an in-person indigency determination under section 977.07 (1) for an inmate requesting counsel and claiming indigency.
The authority of the state public defender to act on behalf of an individual is solely a statutory authority under section 977.05
(4)(g), (h), and (m). It is not triggered unless there is a *Page 134 
referral or a request for legal assistance. See State v. Hanson,136 Wis.2d 195, 207, 401 N.W.2d 771 (1987).
Under section 977.05 (4)(h), the public defender is authorized to accept requests for legal services from indigent persons who are entitled to counsel under section 967.06, or who are otherwise entitled to counsel under the Constitution or laws of the United States or of the State of Wisconsin. The public defender is further authorized to provide "such persons" legal services when, in the determination of the public defender, such provision of legal services is "appropriate." Also, under section977.05 (4)(g), the public defender is authorized to accept referrals for legal services.
Individuals are not constitutionally entitled to representation by counsel, unless (a) they are subject to custodial interrogation, Hanson, 136 Wis.2d at 208; see Miranda v.Arizona, 384 U.S. 436 (1966); or (b) formal criminal charges have been instituted against the individual, Hanson, 136 Wis.2d at 210;see Moran v. Burbine, 475 U.S. 412 (1986). Individuals must be advised of their constitutional right to counsel prior to custodial interrogation or after the institution of formal criminal proceedings, whichever occurs first. Hanson,136 Wis.2d at 208, 210. Absent a request for counsel, police have no obligation under the federal constitution to permit an attorney access to a suspect under interrogation. Burbine,475 U.S. at 428-29.
Absent a request for representation under section 977.05
(4)(h), or a referral under section 977.05 (4)(g), the public defender has no statutory authority to act except as provided in section 967.06. That section requires that a defendant be advised of the right to counsel "[a]s soon as practicable" after detention or arrest in connection with any offense punishable by incarceration. Under this section, persons who indicate to law enforcement authorities that they wish to be represented by a lawyer, and who claim that they are unable to pay for a lawyer's services, "shall immediately be permitted to contact the authority for indigency determinations specified under s. 977.07
(1)." Id. *Page 135 
Consistent with section 967.06, the public defender is authorized by section 977.07 (1) to make a determination of indigency for persons entitled to counsel as soon as possible and in accord with rules promulgated by the State Public Defender Board under section 977.02 (3).
As your letter indicates, representatives of the public defender in your county demand interviews with all inmates "for purposes of indigency determination" under section 977.07 (1). Presumably, they claim authority to do so under the administrative rules promulgated by the State Public Defender Board under section 977.02 (3). See sec. 977.07 (1)(a), Stats. Those administrative rules are extremely broad and do authorize the virtually unlimited access to jail inmates discussed in your letter. Wis. Admin. Code § SPD 2.03 (1), (3), (5) (1984). For instance, Wisconsin Administrative Code § SPD 2.03 (3) provides:
 The state public defender or county designee shall have immediate access in person or by phone to any individual held in custody, including but not limited to city or county jails, detention facilities, or mental health facilities [sic], upon request by the state public defender or county designee, to advise the person of the right to a free determination of indigency and for the purpose of determining indigency.
Also, Wisconsin Administrative Code § SPD 2.03 (5) provides:
 The state public defender or county designee shall advise all persons charged with a crime, detained for purposes of juvenile or involuntary civil commitment proceedings, or otherwise facing a legal proceding [sic] which is within the scope of representation provided by the state public defender, prior to their initial court appearance, that they have a right to be represented by an attorney in the proceeding without charge if found indigent or for a partial charge if found partially indigent. The state public defender or county designee shall also advise all persons prior to their *Page 136 
initial appearance that they have a right to a free determination of their eligibility for those legal services.
These administrative rules permit the sort of unlimited access your letter discusses. These administrative rules also far exceed the bounds of section 967.06.
The public defender's administrative rules allow for "immediate access in person or by phone" to any jail inmate for the purpose of advising him of the right to a determination of indigency as well as for the actual determination of indigency. Wis. Admin. Code § SPD 2.03 (3). Section 967.06, on the other hand, limits access by the public defender for the purpose of indigency determinations under section 977.07 (1) to only those jail inmates "who indicate at any time that they wish to be represented by a lawyer, and who claim that they are not able to pay in full for a lawyer's services." The only access the public defender is allowed prior to a request by the inmate for legal representation and a claim of indigency by the inmate is the "daily telephone access" to jail personnel for purposes of identifying all persons being held in the jail. Sec. 967.06, Stats.
The state public defender's administrative rules permit the public defender to "advise all persons charged with a crime . . . or otherwise facing a legal proceding [sic] which is within the scope of representation provided by the state public defender" of their right to counsel and the right to a free indigency determination. Wis. Admin. Code § SPD 2.03 (5). Section967.06, on the other hand, only requires that law enforcement personnel advise an inmate "[a]s soon as practicable after" arrest or detention of the right to counsel. There is no statutory authority for the public defender to take it upon itself to daily enter the jails and advise each new inmate of his or her right to counsel and right to an indigency determination. As discussed above, the public defender is guaranteed telephone access to jail personnel followed by personal interviews with only those inmates who, after being advised of the right to counsel, request the assistance of counsel and claim full or partial indigency. The administrative *Page 137 
rules go well beyond the bounds of the public defender's statutory authority. They create a right of access to jail inmates not granted expressly or implicitly by any statute.
The public defender may argue that section 967.06 does not expressly prohibit personal access to inmates who have neither requested the assistance of counsel nor claimed indigency. But what section 967.06 expressly provides speaks volumes as to what it does not provide. Section 967.06 expressly limits public defender access to telephone contact with jail personnel unless and until there is a request by an inmate for representation by counsel and a claim of indigency. Only at that point does section967.06 contemplate personal access by the public defender to the inmate for purposes of making an indigency determination under section 977.07 (1) and for determining whether, assuming indigency, counsel should be appointed under section 977.08 (1). By so expressly limiting public defender access to jail inmates, section 967.06 by necessary implication excludes any other personal contact between the public defender and jail inmates.See generally Fred Rueping Leather Co. v. City of Fond du Lac,99 Wis.2d 1, 5, 298 N.W.2d 227 (Ct.App. 1980).
I conclude, therefore, that portions of the public defender's administrative rules, Wisconsin Administrative Code § SPD 2.03 (3) and (5), are in direct conflict with portions of section967.06. The provisions of section 967.06 govern for several reasons. First of all, if there is a conflict between two statutes, or between a statute and an administrative rule enacted pursuant to another statute, the specific law controls the general one. State ex rel. S.M.O., 110 Wis.2d 447, 453,329 N.W.2d 275 (Ct.App. 1982); Fred Rueping Leather Co.,99 Wis.2d at 5. The conflict here is directly between section 967.06 and the public defender's administrative rules. In actuality, however, the conflict is between section 967.06 and the statute authorizing the public defender to promulgate administrative rules for purposes of determining indigency, section 977.02 (3).See sec. 977.07 (1)(a), Stats. When one compares section 967.06
with section 977.02 (3), it becomes *Page 138 
readily apparent that section 967.06 represents the specific statute, while section 977.02 (3) is the general one. Section977.02 (3) simply stands for the general proposition that the State Public Defender Board has the authority to promulgate rules concerning the determination of indigency for those persons entitled to be represented by counsel. Section 967.06, on the other hand, specifically limits the public defender's right of access to jail inmates who are not yet represented by counsel. Since the specific section restricts public defender access only to telephone contact with jail personnel unless and until an inmate requests counsel and claims indigency, at which point personal access is permitted to make the indigency determination, it controls the general statute authorizing the public defender to promulgate rules "regarding the determination of indigency," section 977.02 (3), and, by necessary implication, any administrative rules promulgated pursuant to that more general statute. Consequently, public defender access is limited as provided in section 967.06 regardless of any broader right of access created by its own administrative rules.
By enacting such a broad right of access under its administrative rules, the State Public Defender Board has exceeded its statutory authority.
 An agency or board created by the legislature has only those powers which are expressly conferred or which are necessarily implied from the statutes under which it operates. Racine Fire and Police Comm. v. Stanfield, 70 Wis.2d 395, 234 N.W.2d 307 (1975); Wisconsin's Environmental Decade, Inc. v. PSC, 69 Wis.2d 1, 230 N.W.2d 243 (1975). "[A]ny reasonable doubt of the existence of an implied power of an administrative agency should be resolved against the exercise of such authority." State (Dept. of Admin.) v. ILHR Dept., 77 Wis.2d 126, 136, 252 N.W.2d 353, 357-58 (1977), citing State ex rel. Farrell v. Schubert, 52 Wis.2d 351, 358, 190 N.W.2d 529, 532-33 *Page 139 
(1971), reh. den. 409 U.S. 898 (1972), vacated 408 U.S. 915
(1972).
Elroy-Kendall-Wilton Schs. v. Coop. Educ. Serv., 102 Wis.2d 274,278, 306 N.W.2d 89 (Ct.App. 1981). See sec. 227.11 (2)(a), Stats.
"An administrative rule, even of long duration, may not stand at variance with an unambiguous statute." Basic Products Corp. v.Department of Taxation, 19 Wis.2d 183, 186, 120 N.W.2d 161
(1963).
There is a reasonable doubt as to whether the State Public Defender Board had the authority to enact such sweeping administrative regulations permitting virtually unlimited access to jail inmates. That doubt must be resolved against the exercise of such authority because the administrative rules stand at variance with the unambiguous language of section 967.06 which restricts the public defender's personal access to only those jail inmates who request legal representation and claim indigency. Any reasonable doubt as to the exercise of broader implied powers must also be resolved against the state public defender by virtue of section 977.05 (4)(g) and (h) which limits the authority of the public defender to act unless and until there is a referral or a request for legal assistance by the individual. The administrative rules interject the public defender into the process (and into the jails) without either a referral or a request. The rules purport to create powers that the statutes do not confer. See Hanson, 136 Wis.2d at 207.
One might argue that section 977.05 (4)(m) gives the public defender broader authority. On the surface, this section appears to be an open-ended provision limited only by the discretion of the state public defender. It provides that the state public defender shall: "Perform all other duties necessary or incidental to the performance of any duty enumerated in this chapter [chapter 977]." It would, however, be straining this admittedly broad authority to include within it access to all jail inmates including those who have not requested counsel on the ground *Page 140 
that such access might be "necessary or incidental to" effective representation of the inmate if he or she should later request the assistance of counsel. Furthermore, it appears that this discretion comes into play only after there is a request for counsel or a referral. See Hanson, 136 Wis.2d at 207. A reasonable reading of this provision would be that, once a referral or request for counsel is made, the state public defender has broad authority to perform all duties "necessary or incidental to" the effective representation of that client.
Finally, even if the public defender's broad authority under section 977.05 (4)(m) is not so limited, it is difficult to understand why immediate access to all jail inmates for purposes of making indigency determinations is "necessary or incidental to" the possible representation of that individual in the future should he or she ultimately request counsel. The inmate's rights are already adequately protected by section 967.06 which requires law enforcement personnel to advise the inmate of the right to counsel "[a]s soon as practicable" after arrest or detention, and requires public defender access to the inmate for purposes of making an indigency determination once he or she requests the assistance of counsel and claims indigency. Therefore, with respect to your first question, it is my opinion that the public defender has no right of access to jail inmates unless and until they request counsel and claim indigency. Until that point, the public defender has only the limited right of daily telephone access to jail personnel. Sec. 967.06, Stats.
This brings us to your second question regarding the information which jail personnel must provide on a daily basis to the public defender over the telephone. Section 967.06 provides, in part:
 The authority for indigency determination in each county shall have daily telephone access to the county jail in order to identify all persons who are being held in the jail. The jail personnel shall provide by phone information requested by the authority. *Page 141 
These sentences seem somewhat inconsistent. The first sentence only requires jail authorities to "identify all persons" held in the jail. The second, however, requires jail authorities to provide "information requested by" the public defender. The question then becomes: What "information" must jail personnel provide to the public defender?
A narrow construction of the two sentences would limit the "information" to simply the identities of the inmates being held. If that were so, however, the second sentence becomes totally superfluous.
A broad construction, on the other hand, could lead to absurd results. If it is left entirely to the discretion of the public defender to decide what "information" should be requested, situations might arise where the public defender seeks information regarding the circumstances of the inmate's arrest, witnesses to the crime, statements already made by the individual to police, personal information about the individual, and the like. In a heavily populated county jail, personnel could spend a large portion of their day on the telephone with the public defender providing "information" which has no relevance to the inmate's desire for legal representation. Statutes are not to be construed in such a way as to lead to absurd results. See Hanson,136 Wis.2d at 218. They are to be construed reasonably.
A reasonable construction of this portion of section 967.06
would limit the "information" which jail personnel shall provide to that which is necessary for the public defender to decide whether an indigency determination and appointment of counsel need to be made. See secs. 977.07 (1) and 977.08 (1), Stats. Such information would include not only the inmate's identity but, also, whether the inmate has requested legal assistance, whether the inmate claims to be indigent, whether the inmate is in fact charged with an offense "which is punishable by incarceration," or whether the inmate has refused counsel or has retained counsel. This interpretation directly ties in with that portion of section 967.06 which permits inmate contact with the public *Page 142 
defender for purposes of an indigency determination only after the individual requests legal representation and claims indigency. This information, and this information only, would be directly relevant to those issues. If jail authorities know that an inmate has requested counsel, and know or believe that the inmate is indigent, it only makes sense that they pass that information on to the public defender over the telephone so that an indigency determination can be made in person. Jail personnel are not required to provide any information which is irrelevant to the questions whether a request for counsel and a claim of indigency have been made by an identified inmate.
In conclusion, it is my opinion that the state public defender has no authority to contact jail inmates who have not requested counsel and have not claimed indigency. The public defender is entitled under section 967.06 to only that "information" from jail personnel over the telephone which will enable the public defender to ascertain whether an indigency determination needs to be made for an inmate who has already requested counsel. Any administrative rule promulgated by the state public defender which expands the right of personal access to jail inmates who have not yet requested counsel or who have not claimed indigency, or both, is an unwarranted expansion of the public defender's statutory authority under the unambiguous provisions of section977.05 (4), and directly conflicts with the unambiguous and limited right of access set forth at section 967.06. This opinion, of course, does not limit the discretion of jail personnel to permit greater public defender access to inmates if they deem it appropriate.
DJH:DJO *Page 143