KUBISTA, Administrator, Respondent, vs. STATE ANNUITY AND INVESTMENT BOARD, Appellant.

*June 7—June 30, 1950.*

For the appellant there was a brief by the *Attorney General* and *J. R. Wedlake,* assistant attorney general, and oral argument by *Mr. Wedlake.*

For the respondent there was a brief by *Beggs & Lawton* of Madison, and oral argument by *John W. Lawton.*

BROADFOOT, J. The first contention made by the appellant before the trial court, and also upon this appeal, is that

the circuit court did not have jurisdiction to hear the petition filed in the circuit court for the following reasons: (1) That the State Annuity and Investment Board is not an "agency" within the meaning of sec. 227.01, Stats.; (2) that the subject matter does not involve a "decision" which can be reviewed under ch. 227; and (3) that the case is not a proper subject for a declaratory ruling under sec. 227.06.

As to point (1) the pertinent part of sec. 227.01, Stats., reads as follows:

"(1) 'Agency' includes . . . and all other boards, commissions, departments, and officers having state-wide jurisdiction and authorized by statute to exercise rule-making powers. . . . "

Sec. 42.69, Stats. 1945, provides in part:

"(1) Sections 42.60 to 42.70 shall be administered by the annuity and investment board. . . . Said board may make rules and regulations for filing, hearing, and determining claims and for carrying into effect sections 42.60 to 42.70."

Under these provisions of the statute it is clear that the board is an "agency" within the meaning of the statute.

Upon the trial the petitioner conceded that the matter did not involve a "decision" under the rule in *Wisconsin Tel. Co. v. Wisconsin E. R. Board,* 253 Wis. 584, 34 N. W. (2d) 844. The petitioner contended that the petition was for a review of a declaratory ruling by the board under the provisions of sec. 227.06, Stats. The appellant contended that the petition filed with the board was not designated as a petition for a declaratory ruling; that no reference was made to sec. 227.06 relating to declaratory rulings in either petition; that the board has not issued or filed any rule whatsoever nor has it been requested to issue any declaratory ruling. It should be pointed out that no reference is made in the petition to sec. 227.16.

The trial court held that the petition was sufficient under sec. 227.06, Stats., and that the matter should not be dis-

missed for lack of jurisdiction. With that determination we agree. Perhaps some confusion resulted because the board had not made and filed proper rules. The provisions for review under ch. 227 should be liberally construed. *Lake Superior D. P. Co. v. Public Service Comm.* 250 Wis. 39, 26 N. W. (2d) 278. If the petition was not sufficiently definite the board could have moved to have it made more definite and certain or it could have requested that the petitioner elect under which section of ch. 227 he wished to proceed. It did neither. It does not appear that the board was in any way misled as to the relief sought by the petitioner and we hold that the petition should not have been dismissed for lack of jurisdiction.

The petitions above referred to appear in the record. There also appears in the record a certified transcript of the file of the board relating to this matter. No testimony was taken. Counsel for both parties make statements of fact in their briefs that do not appear in the record. They are men of integrity and high standing at the bar, but we must look to the record in order to determine the facts. As an example of their unsupported statements we find this statement in the appellant's brief:

"The State Annuity and Investment Board put Mr. Cone's name upon the annuity pay roll dated January 17, 1948. Eventually annuity checks were mailed to him for the months of November and December, 1947, and January, 1948, all computed on the straight-life-annuity plan."

Further the appellant questions the signature of Cone to the letter dated January 9, 1948, on the ground that it does not in any way resemble the signature of Mr. Cone which appeared on his application for retirement benefits dated September 25, 1947. The original documents are not in evidence. The date of the mailing of the checks, whether they were held by Mr. Cone or whether they were cashed

by him or returned, are material facts that are necessary for a proper determination of this case.

The trial court also quoted in its memorandum decision from a pamphlet published by the Wisconsin Retirement Fund entitled "Handbook of Information" dated January 1, 1948. This "handbook" is not a part of the record. We do not understand that it is an official publication by any state agency, and certainly is not an official publication of the Annuity and Investment Board. From the record it does not appear to be a publication of which either the trial court or this court can take judicial notice.

Because of the record and because the issues upon the merits were not properly tried, the case must be returned for a trial upon the facts.

*By the Court.*—The judgment of the circuit court upon the question of jurisdiction is affirmed. The remainder of the judgment is reversed and cause remanded for a new trial upon the merits.