Thomas W. LINSE, Plaintiff-Appellant,

v.

State of Wisconsin, LABOR & INDUSTRY
REVIEW COMMISSION, and Tom/Jerry's Auto
Body, Inc., Defendants-Respondents. [Case No.
86-0306.]

Jerry A. LINSE, Plaintiff-Appellant,

v.

State of Wisconsin, LABOR & INDUSTRY
REVIEW COMMISSION, and Tom/Jerry's Auto
Body, Inc., Defendants-Respondents. [Case Nos.
86-0307, 86-0308, 86-0309.]

Sheridan L. LINSE, Plaintiff-Appellant,

v.

State of Wisconsin, LABOR & INDUSTRY
REVIEW COMMISSION, and Tom/Jerry's Auto
Body, Inc., Defendants-Respondents. [Case Nos.
86-0310, 86-0311.]

Court of Appeals

*Nos. 86–0306 to 86–0311. Submitted on briefs October 16, 1986.—
Decided December 3, 1986.*

(Also reported in 400 N.W.2d 481.)

400

For the plaintiffs-appellants the cause was submitted on the briefs of *Henry A. Sibbing, Sibbing Law Offices* of Lake Geneva.

For the defendant-respondent the cause was submitted on the brief of *Melvin H. Jarchow*, Labor & Industry Review Commission of Madison.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.    The issue here concerns the statutory construction of sec. 108.04(1)(g), Stats. This statute provides that a person owning or controlling one-quarter or more interest in a corporation, or a spouse of one owning or controlling one-half or more, may receive only five weeks of unemployment compensation. The Labor and Industry Review Commission (LIRC) found that the appellants came under this statute. We reject the appellants' argument that because they did not own stock they were not so circumscribed. We agree with LIRC that whether a person is deemed in control of a corporation depends upon many factors and not solely upon whose name is on the stock certificate. We affirm the trial court's upholding of the LIRC decision.

Because the findings of fact made by the commission are conclusive and we may not substitute our judgment concerning the weight and credibility of the evidence, we relate the facts as found by the commission. *See* secs. 102.23(1), 102.23(6) and 108.09(7), Stats. Thomas and Jerry Linse incorporated their auto body repair business on or about April 1, 1977. Each owned fifty percent of the stock. On September 1, 1978, Jerry

conveyed all of the stock to Thomas, without consideration. On April 1, 1979, Thomas transferred one hundred percent of the stock to a friend, Joseph H. Kuhnke, again for no consideration. Neither was a gift tax paid. In fact, Kuhnke never reported the acquisition to any government body, including the employer's status division of the Department of Industry, Labor and Human Relations.

Despite the stock transfer, the brothers continued to operate and control the auto body repair business, appropriately named Tom/Jerry's Auto Body, Inc. They individually owned and controlled all of the assets of the business. They set the prices to customers, made the purchasing decisions, decided their rate of remuneration and determined when they would or would not work. Kuhnke never exercised any control over the operations. Thomas filed for unemployment benefits and was paid for thirty-eight consecutive weeks. Jerry also filed for and was paid benefits for more than five weeks; so did Thomas' wife, Sheridan. LIRC ordered repayment by the three of all moneys paid beyond five weeks.

The statute in question reads as follows:

> If an individual claims benefits based on the individual's employment by: 1) a partnership, if a one-half or greater ownership interest in the partnership is or during such employment was owned or controlled, directly or indirectly, by the individual's spouse or child, or by the individual's parent if the individual is under age 18, or by a combination of 2 or more of them; or 2) a corporation, if one-half or more of the ownership interest, however designated or evidenced, in the corporation is or during such employment was owned or controlled, directly or indirectly, by the individual's spouse or child, or by the individ-

ual's parent if the individual is under age 18, or by a combination of 2 or more of them; or 3) a corporation, if one-fourth or more of the ownership interest, however designated or evidenced, in the corporation is or during such employment was owned or controlled, directly or indirectly, by the individual:

1. The corporate or partnership employer shall so inform the department on its reports as to such individual for benefit purposes; and

2. The individual shall so report, when claiming benefits; and

3. The individual's credit weeks based on such employment shall, if more than 5, be reduced to 5.

Sec. 108.04(1)(g), Stats. Statutory construction of this statute is a question of law. *Bitters v. Milcut, Inc.,* 117 Wis. 2d 48, 49, 343 N.W.2d 418, 419 (Ct. App. 1983). So is the application of the statute to a particular set of facts. *Id.* When LIRC has construed the statute, appellate courts should not upset the commission's judgment concerning questions of law if a rational basis exists for the commission's conclusion. *Dairy Equip. Co. v. DILHR,* 95 Wis. 2d 319, 327, 290 N.W.2d 330, 334 (1980). We will not set aside a commission decision unless it is clearly contrary to the legislative intent. *A.O. Smith Corp. v. DILHR,* 88 Wis. 2d 262, 267, 276 N.W.2d 279, 282 (1979).

In construing a statute, the first recourse is to the language of the statute itself. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981). It is evident from our examination of the statute that the commission's interpretation rests on a rational basis and is consistent with the legislative intent.

The plain meaning of the statute, on its face, is to limit the amount of benefits that a controlling owner and spouse may receive. In defining this person or persons, the legislature has specifically used the terms "own" and "control" in the disjunctive such that it may be possible for this person to control a corporation but not own it, or vice-versa, and still be subject to the statute.

The statute also speaks in terms of owning or controlling "directly or indirectly." The word "indirect" is entirely antagonistic to the word "direct." For the legislature to have included those who indirectly own or control an entity in the same class as those who directly do so exhibits an intent to include, rather than exclude, persons who may control a corporation though they do not own stock.

From the face of the statute, therefore, it is apparent that the absence of stock ownership will not alone suffice to excuse those alleged to be the subject of this law. Rather, in each case, the commission must determine whether ownership or control, *in reality*, exists. This is a mixed question of fact and law for the commission. The commission makes findings of fact, and based on those findings, makes a conclusion of law concerning whether ownership or control, in reality, exists.

It is quite obvious that the statute is designed to prevent self-employed individuals from using the unemployment compensation fund to supplement their income by merely incorporating the family business. The fiscal integrity of the state's compensation fund is a legitimate concern for the state. *See Spielmann v. Indus. Comm'n*, 236 Wis. 240, 252, 295 N.W. 1, 7 (1940).

The legislature acted because of this legitimate concern.[1]

*By the Court.*—Judgment affirmed.

---

[1] The appellants also claim that the statute in question is void because of vagueness. On the basis of the record before us, we hold that the issue is raised for the first time on appeal. The issue was not raised in the pleadings nor was it at all discussed during oral arguments before the trial court. Although it is claimed that the issue was raised in the trial briefs, the briefs are not part of the appellate record and may not be considered. In addition, there is no indication that the issue was raised and a record developed during administrative proceedings. A constitutional issue must be raised and the record developed before the agency, even if the agency has no power to decide the issue. *Omernick v. DNR,* 100 Wis. 2d 234, 248, 301 N.W.2d 437, 444, *cert. denied,* 454 U.S. 883 (1981).