E. Betty CLIFFORD, Petitioner-Respondent,

v.

SCHOOL DISTRICT OF COLBY, Respondent,

Merlin KILTY, Respondent-Appellant.

Court of Appeals

*No. 87–1412. Submitted on briefs January 13, 1988.—Decided February 23, 1988.*

(Also reported in 421 N.W.2d 852.)

For the appellant, there were briefs submitted by *William E. Callahan, Jr.* of *Davis & Kuelthau, S.C.,* of Milwaukee.

For the respondent, there were briefs submitted by *Dennis A. Juncer,* of *Stauber & Juncer,* of Marshfield.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Merlin Kilty appeals a judgment overturning the board of canvassers' recount determination and declaring E. Betty Clifford the winning candidate for a position on the Board of Education for the Colby School District. Kilty contends that because Clifford failed to object during the recount to the board's decision disallowing two ballots cast for her, she failed to preserve her right to challenge the board's decision before the circuit court under sec. 9.01(8), Stats. Kilty does not challenge the circuit court's finding that the ballots should be counted for

Clifford, but only the circuit court's jurisdiction to review the board's decision. Because sec. 9.01(8) does not require an objection to such a determination made by the board, we affirm the circuit court's judgment.

In April, 1987, E. Betty Clifford and Merlin Kilty were candidates for the Board of Education of the Colby School District. Following the election, Clifford was declared the winner by five votes.

At Kilty's request, the board of canvassers conducted a recount on April 14, and April 21, 1987. The board determined that there was a tie and directed that the winner be decided by the drawing of lots. Kilty's name was drawn, and the board declared him the election winner.

During the first session of the recount, the board disallowed a ballot from the Town of Mayville because the "X"s next to the names Merlin Kilty and E. Betty Clifford were not made within the boxes next to the candidates' names. At the time the board made that decision, Clifford expressed the opinion that it was best not to throw out ballots.

During the same session, the board disallowed a ballot cast for Clifford from the City of Colby. Donna Wigstadt, chairman of the board of canvassers, testified that this ballot was withdrawn because of incorrect markings. At the time the board made the decision, Clifford did not object to the board's determination.

On the second day of the recount, the board also disallowed a Town of Colby ballot cast for Clifford because of incorrect markings. Neither Clifford nor her representative was present at the recount proceedings when the board made this determination.

The Circuit court found that the intent of each voter could be determined from both the City of Colby

ballot and the Town of Colby ballot. The circuit court also found that during the first session of the recount, Clifford made herself known and objected to the failure to count the ballots, although her "objection was not vociferous or definite." It also found that Clifford was not present at the time the Town of Colby ballots were counted. However, it ruled that her objection was sufficient to preserve her right to challenge the board's determination before the circuit court. It then directed that each of the ballots disallowed by the board of canvassers be counted for Clifford and therefore declared her the election winner.

Kilty contends that sec. 9.01(8) requires Clifford to object to determinations made by the board of canvassers to preserve her right to challenge those decisions before the circuit court. Kilty claims that Clifford did not adequately object to the board's determination to disallow the two ballots and, accordingly, has no standing to challenge these determinations in circuit court.

Section 9.01(8) provides in relevant part as follows:

> Scope of Review. Unless the court finds a ground for setting aside or modifying the determination of the board of canvassers, it shall affirm the determination. The court shall separately treat disputed issues of procedure, interpretations of law and findings of fact. The court may not receive evidence not offered to the board of canvassers except for evidence that was unavailable to a party exercising due diligence at the time of the recount or newly discovered evidence that could not with due diligence have been obtained during the recount, and except that the court may receive

evidence not offered at an earlier time because a party was not represented by counsel in all or part of the recount proceeding. *A party who fails to object or fails to offer evidence of a defect or irregularity during the recount waives the right to object or offer evidence before the court ....* (Emphasis supplied.)

■
The construction of a statute in relation to a given set of facts is a question of law. *Herlitzke v. Herlitzke,* 102 Wis. 2d 490, 493, 307 N.W.2d 307, 309 (Ct. App. 1981). Therefore, we need not defer to the trial court's conclusion. *Id.* In construing a statute, the primary source is the language of the statute itself. *Linse v. State LIRC,* 135 Wis. 2d 399, 403, 400 N.W.2d 481, 483 (Ct. App. 1986).

■
An examination of the language of sec. 9.01(8) discloses that it fails to identify to what an objection must be made. Kilty interprets this section to require an objection to the board's determination not to count certain ballots. However, the statute's language is unclear whether a party must object to a decision by the board of canvassers. The requirement to object may refer to defects or irregularities in the ballots, election process, or recount procedures. Because we cannot discern the intent of a statute from the language itself and a number of reasonable interpretations are possible, the statute is ambiguous. *See Laskaris v. City of Wisconsin Dells, Inc.,* 131 Wis. 2d 525, 532, 389 N.W.2d 67, 70 (Ct. App. 1986). When a statute is ambiguous to the precise scope of its application, we will refer to the statute's history and other matters, such as the context, subject matter, and

object of the statute. *State ex rel. Klingler v. Baird,* 56 Wis. 2d 460, 465–66, 202 N.W.2d 31, 34 (1972).

An examination of the legislative history is not helpful when determining the legislature's intent in enacting sec. 9.01(8). However, we conclude that this section was intended to require a party to object to defects or irregularities in the ballots, election process, or recount procedure. We also conclude that a party need not object to a board of canvassers' determination whether to count a challenged ballot in order to preserve its right to challenge the board's decision before the circuit court.

We reach these conclusions for a variety of reasons. When determining the legislative intent, we must presume an interpretation that advances the purpose of the statute. *Belleville State Bank v. Steele,* 117 Wis. 2d 563, 570, 345 N.W.2d 405, 409 (1984). We will liberally construe election statutes to give effect to the mandate of sec. 5.01(1), Stats. *Stahovic v. Rajchel,* 122 Wis. 2d 370, 376, 363 N.W.2d 243, 246 (Ct. App. 1984). Section 5.01(1) provides that sec. 9.01(8) shall be construed to "give effect to the will of the electors, if that can be ascertained from the proceedings, notwithstanding informality or failure to fully comply with some of its provisions." Here, the trial court found that the will of the electors could be adequately determined from the ballots cast and gave effect to that will by directing that the contested ballots be counted. To read sec. 9.01(8) to require technical objections to preserve a right of appeal not clearly provided for in the statute would frustrate the will of the electors. We decline to adopt such an interpretation.

The dissent suggests this interpretation does not narrow the scope of circuit court review. We respectfully disagree and point out that the scope of circuit court review is limited to ballots that are challenged by either party or the board of canvassers. This is sufficient to meet the purpose of the statute as we understand it.

An examination of the entire statutory scheme contained in ch. 9 also leads us to conclude that such an objection is not required. *See Arneson v. Arneson,* 120 Wis. 2d 236, 243, 355 N.W.2d 16, 19 (Ct. App. 1984). Section 9.01 provides for the filing of a petition setting forth a claim of mistake or fraud in the initial counting of the ballots or the existence of a defect, irregularity, or illegality in the conduct of the election. Upon the filing of this petition, the board of canvassers is required to meet and make its determinations. A party may appeal the board's determination, but must file a complaint "enumerating with specificity every alleged irregularity, defect, mistake or fraud committed during the recount." Section 9.01(7)(b), Stats. Section 9.01(8) then provides that a party must object or offer evidence of a defect or irregularity or waive the right to object before the circuit court.

The design of the recount procedure as specified in these various sections of ch. 9 contemplates a review process that requires a party to raise an objection to defects or irregularities in the ballots, in the conduct of election, or in the procedures during the recount before a challenge can be brought before the circuit court. None of these sections requires that a party object to a determination by the board of canvassers to preserve judicial review. Had the legislature intended to require an objection to a determina-

tion of the board, it could have so stated by simply adding the word "determinations" in addition to the terms "defect" and "irregularities" under sec. 9.01(8).

The purpose of sec. 9.01(8) provides further support that an objection to the board's determination is not required. The purpose of sec. 9.01(8) entitled "Scope of Review" is to narrow the circuit court review of the board of canvassers' actions. A challenge to a ballot, the election process or the recount procedure, whether by one of the candidates or the board itself, sufficiently preserves the issue for circuit court review. Minutes of the recount proceedings and the reasons for the board's determination become part of the record and reviewable by the circuit court. This prevents the circuit court from becoming a "super" board of canvassers free to entertain any challenges to the election process or the recount procedure, whether raised before the board of canvassers or not. Once a defect or irregularity is brought to the attention of the board of canvassers, it is unnecessary for the party against whom the board of canvassers decides to record an objection to the board's determination before seeking judicial review.

Final support for our conclusion comes from the state elections board. In cases of first impression, we consider the practical administrative construction of statutes by departments charged with the task of applying it and accord their construction "due weight" when determining what the appropriate interpretation should be. *Berns v. WERC,* 99 Wis. 2d 252, 261, 299 N.W.2d 248, 253 (1980); *A.O. Smith Corp. v. DILHR,* 88 Wis. 2d 262, 267, 276 N.W.2d 279, 282 (1979). Although not in the record, we take judicial notice of an official state elections board publication that is distributed to candidates, electors, and the

various board of canvassers to preserve the issue for judicial review. *See Kubista v. State Annuity & Investment Bd.*, 257 Wis. 359, 365, 43 N.W.2d 470, 473 (1950). This publication, entitled "Recount Procedures for 1986–87," details and describes the recount procedure pursuant to sec. 9.01. While the document speaks in terms of objecting to defects or irregularities in the ballots, election process, or recount procedure, it is devoid of any requirement to object to a decision made by the board of canvassers. The absence of such a critical requirement strongly indicates that the state elections board does not believe such a requirement exists. The failure of the elections board to identify such a requirement in the document used in recount procedures adds weight to our conclusion that such a requirement does not exist.

For the foregoing reasons, we conclude that once a party challenges a defect or an irregularity in a ballot, election process, or recount procedure before the board of canvassers, the party against whom the board of canvassers rules has no duty to object to the board's determination to preserve that issue for judicial review. Because Clifford had no duty to object to the board's determination, we need not consider whether her action was sufficient to preserve the matter for circuit court review.

*By the Court.*—Judgment affirmed.

LaROCQUE, J. (*dissenting*). I would hold that Clifford failed to appear and to object when the board of canvassers disallowed votes cast for her and, therefore, she waived her right to object in circuit court. Section 9.01(8), Stats., says: "A party who fails to object ... during the recount waives the right to object ... before the court ...."

According to the majority, a candidate need not object to the board's decision to discount ballots. Thus Clifford, who failed to attend the second day of recount proceedings, was permitted to raise issues in the circuit court not raised during the recount. The purpose of the objection requirement is to narrow the scope of review. This purpose is not accomplished as a result of the holding in this case. Clifford should have been required to attend the recount proceedings and to object to any decision she wished to preserve for circuit court review.

The majority relies upon a state elections board publication entitled "Recount Procedures for 1986–87." The relevant part of this document reads: "The filing officer is ... encouraged to inform each candidate of his (or her) right to be present during the recount and to be represented by counsel *to observe and challenge the votes cast and the canvassers' decisions* at the election." *Id.* at 4 (emphasis supplied).