Venita R. HERLITZKE, Petitioner-Respondent,

v.

Lloyd H. HERLITZKE, Appellant.

Court of Appeals

*No. 80–1546. Submitted on briefs April 27, 1981.—Decided May 12, 1981.*
(Also reported in 307 N.W.2d 307.)

[16] *See* note 11 *supra,* and accompanying text.

For the appellant the cause was submitted on the brief of *Hale, Skemp, Hanson & Skemp* of La Crosse.

For the petitioner-respondent the cause was submitted on the brief of *Maureen L. Kinney* and *Johns, Flaherty & Gillette, S.C.* of La Crosse.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J. The circuit court determined that Lloyd Herlitzke obtained an undivided one-fifth interest in a farm by gift, and included its value in the parties' marital estate. We conclude that the trial court correctly decided the question of law involved, and therefore affirm the judgment.

Lloyd and Venita Herlitzke were married on May 14, 1946. On April 17, 1975, Lloyd's mother quitclaimed her farm to Lloyd and his four brothers. Neither the deed nor the donee's gift tax return showed that Lloyd's mother retained a life estate in the farm. Venita commenced this action for divorce on August 15, 1978.

Prior to trial, the court held a hearing to determine whether Lloyd's interest in the farm should be included in the parties' marital estate, and determined that it should. At the trial the court again made that determination, but allowed Lloyd to make an offer of proof to the effect that his mother retained a life estate in the farm together with her reasons for doing so.

At trial, Lloyd contended that then sec. 247.255, Stats. (1977), should be interpreted to exclude his interest in the farm from the marital estate. Section 247.255 read in relevant part:

Any property inherited by either party prior to or during the course of the marriage shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that re-

fusal to divide such property will create a hardship on the other party or on the children of the marriage, and in that event the court may divest the party of such property in a fair and equitable manner. The court shall presume that all other property except inherited property is to be divided equally between the parties, but may alter this distribution without regard to marital misconduct after considering:

(1) The length of the marriage. . . .

Lloyd argues that his interest in the farm should be considered as if it were inherited. He also contends that the trial court erred in valuing his interest in the farm at its full market value without subtracting the value of his mother's life estate.

### Exclusion of the Farm

Lloyd cites extensive legislative history concerning sec. 247.255, Stats. (1977), which he contends supports his position that the legislative intent in enacting sec. 247.255 was to exclude gifts in the nature of inheritances from the divisible marital estate in divorce actions.

Before we may examine extrinsic aids such as legislative history to determine the meaning of a statute, we must find the statute to be ambiguous. *Vogel v. State,* 96 Wis.2d 372, 383, 291 N.W.2d 838, 844 (1980). Ambiguity exists when the statute is capable of being understood by a reasonably well-informed person in two or more different senses. *Wirth v. Ehly,* 93 Wis.2d 433, 441, 287 N.W.2d 140, 144 (1980).

We cannot conclude that the terms "inherited property" and "property inherited by either party" are capable of being understood by a reasonably well-informed person in more than one sense. Both *Webster's New Collegiate Dictionary* (1977) and *Black's Law Dictionary* (rev.

4th ed. 1968), refer to the death of the property's owner as part of the definition of "inherit." Death of one's benefactor is a necessary requirement if one is to inherit property. The term "inherited property" contained in sec. 247.255, Stats. (1977), does not include transfers of property made by living persons.

The fact that Lloyd's mother was living at the time she transferred her farm to her five sons is undisputed. When material facts are undisputed and therefore only a question of law is presented, our standard of review is *ab initio. Dept. of Revenue v. Bailey-Bohrman Steel Corp.*, 93 Wis.2d 602, 606, 287 N.W.2d 715, 717 (1980). Statutory construction also involves only a question of law. *Kania v. Airborne Freight Corp.*, 99 Wis.2d 746, 758–59, 300 N.W.2d 63, 70 (1981). We hold that the transfer of Lloyd's mother's farm to Lloyd did not constitute an inheritance, and we therefore conclude that the trial court did not err when it included Lloyd's interest in the farm in the parties' marital estate.[1]

## Consideration of Life Estate

Lloyd contends that the trial court erred by failing to subtract the value of Lloyd's mother's life estate in the farm from the value of the farm. We find this contention difficult to review because appellant has furnished us with a partial transcript of the trial which does not include mention of this issue. "[T]he want of a transcript is not jurisdictional to an appeal but merely limits the

---

[1] Lloyd cites *Selchert v. Selchert*, 90 Wis.2d 1, 14–15, 280 N.W.2d 293, 299–300 (Ct. App. 1979), by analogy, as authority for his position that the trial court should have excluded his interest in the farm from the marital estate. Any analogy between *Selchert* and this case is tenuous at best.

review to those portions of the record that are available to the reviewing court." *In re Termination of Ryde*, 76 Wis.2d 558, 563, 251 N.W.2d 791, 793 (1977). We do know that the trial court did not reduce the value of the farm because of the alleged life estate, since its findings of fact valued Lloyd's one-fifth interest in the farm at one-fifth of the farm's stipulated value. Lloyd is asking us to review the trial court's implied finding that Lloyd's mother did not reserve a life estate in the farm. When a trial court acts as the finder of fact, we will sustain its findings unless they are against the great weight and clear preponderance of the evidence. When more than one reasonable inference can be drawn from the evidence, this court is obliged to support the findings made by the trial court. *Sisters of St. Benedict v. Adamany*, 99 Wis. 2d 533, 549, 299 N.W.2d 891, 898 (Ct. App. 1980).

Evidence of the reservation of a life estate came from Lloyd, one of his brothers, and, by offer of proof, from Lloyd's mother. They all testified that the reservation was oral. Lloyd's attorney represented that Lloyd's other three brothers were present in court, and their testimony would be cumulative to that of Lloyd's. Evidence that no life estate was reserved came from Venita, who testified that she was not aware of the reservation of a life estate, and from the contents of the deed and donee's gift tax return, which made no mention of the life estate. The trial court was entitled to consider that the deed and gift tax return were drafted at a time when no divorce action was pending. The trial court's valuation of the farm at its full market value is not against the great weight and clear preponderance of the evidence.[2]

---

[2] Were we to hold that the trial court erred as Lloyd contends, Lloyd would have to show that the trial court abused its discretion in awarding Venita more than 50 percent of the marital estate. Lloyd's mother is 82-years-old. Using the table found in sec. 879.65, Stats., the value of Lloyd's mother's life estate was

Lloyd also argues that the trial court erred by refusing to consider the source of Lloyd's interest in the farm when making its property division. Section 247.255(12), Stats. (1977),[3] permits the trial court to consider the source of any marital asset. However, we are again limited by the incomplete transcript. A trial court need not consider all factors set forth in sec. 247.255. "Moreover, it is for the trial court to determine what weight and effect should be given the various considerations." *Fuerst v. Fuerst*, 93 Wis.2d 121, 131, 286 N.W.2d 861, 865 (Ct. App. 1979). The trial court's findings of fact show that it considered some relevant factors, including the length of the parties' marriage and tax consequences of the property settlement. We will not reverse for lack of findings when the party complaining of that error omits portions of the record material to our review of that complaint. Upon the limited record before us, we do not find that the trial court abused its discretion in dividing the parties' assets equally despite the source of Lloyd's interest in the farm.

*By the Court.*—Judgment affirmed.

---

$16,563.60 at the time of trial. Lloyd's share of that credit was $3,312.72. In order to prevail on appeal, Lloyd would have to show that the trial court abused its discretion by awarding Venita an extra $1,656.36 out of a total marital estate in excess of $125,000. It is doubtful that he could do so.

[3] Section 247.255(12), Stats. (1977), provides in relevant part:

The court shall presume that all other property except inherited property is to be divided equally between the parties, but may alter this distribution without regard to marital misconduct after considering:

. . . .

(12) Such other factors as the court may in each individual case determine to be relevant.