184 N.J. Super. 544 (1982)
446 A.2d 1220
EILEEN SLEEPER, PLAINTIFF-RESPONDENT,
v.
ROBERT S. SLEEPER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 4, 1982.
Decided May 14, 1982.
*545 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Citrino, Balsam, Daunno & Strober, attorneys for appellant (Robert J. Citrino, Jr. of counsel).
*546 La Corte, La Corte, Gillespie & Walters, attorneys for respondent (James S. La Corte on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
On this appeal defendant challenges the equitable distribution of real and personal property which he acquired by intestate succession.
The parties married on October 23, 1954 and separated on November 13, 1976. On that day defendant left the marital home, leaving with his wife the bank books to their joint accounts containing approximately $3,500. Defendant asserts that when he left he told his wife that the monies on deposit were hers. He further explains that no disposition of the marital home was made at that time because their daughter was then unemancipated. The parties have lived apart since November 13, 1976.
On January 25, 1977 defendant's father died intestate. As sole heir, defendant inherited real property, located in Hillside and Neptune, New Jersey, valued at approximately $40,000, and approximately $58,000 in personalty.
Plaintiff instituted this action for divorce on October 6, 1978, alleging, among other matters, extreme cruelty as grounds. The matter was heard by a trial judge on June 18, 1980, at which time the parties entered a partial agreement on the record, under which defendant agreed to pay plaintiff $200 a week in alimony for 18 months beginning July 1, 1980, and $125 a week thereafter. He further agreed to continue to pay the college tuition and related expenses of his daughter and to give $1,000 to plaintiff's attorney as partial payment for counsel fees. Plaintiff agreed to be responsible for her own maintenance commencing July 1, 1980, and for all of her debts.
An order to this effect and granting plaintiff a divorce on the claimed cruelty was entered by the trial judge on June 30, 1980. Equitable distribution of the marital assets was reserved pending *547 receipt of additional memoranda. The parties agreed, however, and the trial judge ordered, that defendant freeze $15,000 in cash and not encumber or sell the Hillside property inherited from his father.
In a letter opinion dated October 10, 1980 the trial judge ruled that the property which defendant had inherited from his father was includable as a marital asset for purposes of equitable distribution. Subsequently, defendant filed a notice of motion for reconsideration, based upon the signing into law of an amendment to N.J.S.A. 2A:34-23 which excluded from equitable distribution property received by either party "by way of gift, devise or bequest." The trial judge denied the motion for reconsideration.
On this appeal defendant contends that in light of the recent amendment to N.J.S.A. 2A:34-23, given limited retroactive effect by the Supreme Court in Gibbons v. Gibbons, 86 N.J. 515 (1981), it was error for the trial judge to include his inheritance as part of the marital assets subject to equitable distribution. As amended, N.J.S.A. 2A:34-23 in pertinent part provides:
In all actions where a judgment of divorce or divorce from bed and board is entered the court may make such award or awards to the parties, in addition to alimony and maintenance, to effectuate an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage. However, all such property, real, personal or otherwise, legally or beneficially acquired during the marriage by either party by way of gift, devise or bequest shall not be subject to equitable distribution, except that interspousal gifts shall be subject to equitable distribution.
Though this amendment became effective on December 31, 1980, it is applicable to all "cases presently on direct appeal or in which a final judgment has not been entered."[1] 86 N.J. at 524.
*548 Preliminarily, it must be noted that as amended the statute exempts from equitable distribution property acquired "by way of gift, devise or bequest." These terms have special significance in the law. A "gift" is a transfer without consideration, Herr v. Herr, 13 N.J. 79, 88 (1953), requiring an unequivocal donative intent on the part of the donor, actual or symbolic delivery of the subject matter of the gift, and an absolute and irrevocable relinquishment of ownership by the donor. In re Dodge, 50 N.J. 192, 216 (1967); Dierksen v. Albert, 106 N.J. Super. 220, 224 (App.Div. 1969). Likewise, "devise" and "bequest" respectively refer to gifts of real and personal property acquired by will.[2]Black's Law Dictionary (5 ed. 1979). Notably absent from the statutory list of exempted property is a reference to assets acquired by intestate succession, i.e., by descent or distribution.
Despite this omission defendant asserts that the purpose and intent of this amendment was to exclude from equitable distribution all property acquired by method of estate, whether by testate or intestate succession. In support of this contention he cites the following statement issued by the Senate Judiciary Committee.

*549 Assembly Bill No. 1229 would amend New Jersey's divorce law, N.J.S. 2A:34-23 by exempting gifts, devises and bequests from equitable distribution. The theory on which Assembly Bill No. 1229 rests is that in the majority of instances, the gift, devise or bequest in question will be from the parents or other relative of the recipient. To permit a compulsory division of the asset between the recipient and his spouse is contrary to the marital expectations of the recipient and the giving parent or relative. Since the efforts of neither spouse resulted in the gift, devise or bequest, it need not be regarded as a marital asset under the partnership concept of marriage. [N.J.S.A. 2A:34-23, Senate Judiciary Committee Statement]
Defendant argues that the same policy considerations which led the Legislature to exclude gifts, devises and bequests from equitable distribution also warrant the exclusion of property taken by descent. Though this may be true, it is a fundamental tenet of statutory construction that where statutory language is plain and unambiguous a court "may not indulge in any interpretation other than that called for by its express language." DeHart v. Bambrick, 177 N.J. Super. 541, 549 (App.Div. 1981). In re Jamesburg High School Closing, 83 N.J. 540, 547 (1980). Moreover, "exceptions to a legislative measure are to be strictly but reasonably construed, consistent with the manifest reason and purpose of the law." Palkoski v. Garcia, 19 N.J. 175, 181 (1955).
The Legislature has apparently chosen to exclude from equitable distribution only that property which has been acquired by gift or by will, situations in which the donative intent is unmistakable and unequivocal. In this regard the statutory language is plain and unambiguous leaving no room for creative interpretation.[3]
Defendant's contention that his inheritance was in actuality a gift within the meaning of N.J.S.A. 2A:34-23 is patently without *550 merit. Even assuming that a valid inter vivos gift may be effectuated by the death of the donor, as defendant asserts, he has failed to establish that a gift was intended. Decedent's inaction in the face of the intestacy statutes in itself is insufficient to demonstrate the unequivocal donative intent required to establish a gift.
Defendant also contends that it was error for the trial judge to include his inheritance in the distribution because it was acquired three months after he had left the marital home. Pursuant to N.J.S.A. 2A:34-23, to be subject to equitable distribution property must have been acquired "during the marriage."
In giving meaning to this phrase, the Supreme Court in Painter v. Painter, 65 N.J. 196, 217-218 (1974), rejected as unworkable a literal reading of the statute that would have fixed the terminal point of the marriage on the day the judgment of divorce was granted. Instead, as a general rule it marked the filing date of the complaint as the end of the marital partnership for purposes of determining the property eligible for distribution.
Subsequent decisions, however, have created exceptions to this rule. Thus, a written separation agreement accompanied by physical separation, Smith v. Smith, 72 N.J. 350 (1977), and an oral division of a large part of the marital assets accompanied by physical separation, DiGiacomo v. DiGiacomo, 80 N.J. 155 (1979), have both been found to be sufficient and reliable indicators of the end of a marriage. As the Supreme Court most recently explained in Brandenburg v. Brandenburg, 83 N.J. 198 (1980),
... When a complaint has been filed or the parties themselves have implemented a separation agreement, the date on which the marital partnership has terminated is not "impossible or extremely difficult to determine." Smith, 72 N.J. at 361. [at 207]
Defendant asserts that upon leaving the marital home he gave plaintiff sole access to their joint bank accounts. He now contends that this action constituted an oral settlement agreement dividing a large part of the marital assets and thus marked the end of the marriage for equitable distribution purposes. *551 This argument was rejected by the trial judge, who found that no agreement had been executed prior to defendant's inheritance. Instead he found that "the earliest date that could be selected as the one upon which the marriage was terminated was the October 1978 filing of the Complaint." In the face of defendant's bare assertion that the transfer of the bank books was intended by both parties to constitute a property settlement agreement, we do not believe the trial judge's finding should be disturbed, particularly since it is just as likely that the transfer of funds was intended as support. The Supreme Court held that "physical separation and the payment of support does not constitute the type of incontrovertible evidence that the marital enterprise is no longer viable." Brandenburg, 83 N.J. at 209 (internal quotation marks omitted).
Affirmed.
NOTES
[1] Under Gibbons, N.J.S.A. 2A:34-23 as amended is applicable to this case since it is presently on direct appeal. Plaintiff contends, however, that defendant is estopped from asserting the application of this statute by virtue of an oral stipulation entered on the record as follows:

THE COURT: Yes. Let me just briefly explain that for the record: There was an indication in our conversation that the legislature has before it ... legislation which would directly address itself to the matter  property or assets acquired by method of estate.
... [U]nless the bill is retrospective and it is signed by the governor during the time we are gathering our briefs here, I think it is reasonable to take today's date [June 18, 1980] as the date that decision would apply from.
This stipulation, though not free from ambiguity, merely fixes June 18, 1980 as the date of final judgment (final judgment was actually rendered on January 20, 1981). The amendment, however, was interpreted to be retroactive and thus applies to the June 18 judgment. In fact, the stipulation itself seems to be applicable "unless the bill is retrospective."
In any event, in view of our holding here, the matter need not be reached.
[2] The Probate Reform Act of 1978, N.J.S.A. 3A:2A-1 et seq., eliminates the distinction between these terms. N.J.S.A. 3A:2A-1(e) provides:

e. "Devise," when used as a noun, means a testamentary disposition of real or personal property and when used as a verb, means to dispose of real or personal property by will.
[3] While we are aware of the power of courts to resort to "judicial surgery" by narrowly construing a statute to free it from constitutional doubt or defect, see N.J. Chamb. Commerce v. N.J. Elec. Law Enforce. Comm'n, 82 N.J. 57, 75 (1980), we do not believe that that power also includes transplants or prostheses. In any event, the subject matter here is not of constitutional magnitude, and there is no question of the survival or validity of the statute before us.