David ORTIN, an individual and Treasurer of the Town of Erin, Washington County, Wisconsin, Plaintiff-Respondent,†

v.

Barbara SCHUETT, an individual, Defendant-Appellant.

Court of Appeals

*No. 89-2382. Submitted on briefs April 16, 1990.—Decided July 18, 1990.*

(Also reported in 459 N.W.2d 596.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the brief of *James W. Hammes* of *Cramer, Multhauf & Hammes* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Phillip J. Eckert* of *O'Meara, Eckert, Pouros & Gonring* of West Bend.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J. The issue is whether an elected public official can conditionally resign or whether a written resignation, delivered to the appropriate body, must be declared unconditional as a matter of law and public policy. We hold that neither law nor public policy prohibits public officials from resigning conditioned upon certain events occurring. We reverse the circuit court's holding to the contrary.

Barbara Schuett was elected and then reelected treasurer of the Town of Erin, Washington county. During her second term, she appeared at a town board meet-

ing on October 23, 1989 and read a letter of resignation. The letter states, in pertinent part, as follows:

> It is with deep regrets and my apology to our Town of Erin residents, especially the 960 some voters who supported me in the last election, that I have to submit my resignation as your Town Treasurer tonight to become effective November 1, 1989 and further, subject to financial clearance or audit from an impartial firm (not Reilly, Penner, & Benton). I can assure you all my records are in order and accountable for. This is to forever clear any further accusations in the present and future.

Schuett wrote another letter to the board on November 6. In that letter, she explained that her resignation would be effective on November 1 conditioned upon the board's authorizing the independent audit. Noting that the November 1 date had passed without action being taken on the audit, Schuett withdrew her resignation. The board met on November 6, accepted Schuett's resignation effective November 1, and appointed David Ortin as the new treasurer.

Ortin demanded that Schuett turn over all treasurer's records to him. Schuett refused. He then filed this action asking the trial court to issue a writ of mandamus compelling Schuett to turn over the records. Schuett told the court that her resignation was conditional, that the condition had not been satisfied, and that she therefore was still the treasurer. Ortin argued that the resignation of an officer, effective either forthwith or at a future date, may not be withdrawn after such resignation is submitted to the proper authorities. Ortin prevailed and Schuett appeals.

The statute relating to resignation of public officers provides in pertinent part:

**17.01. Resignations to whom made; when effective.** Resignations of public officers shall be made as follows:

. . ..

**(9)** By a town officer, to the town board.

. . ..

**(13)** Resignations shall be made in writing, shall be addressed and delivered to the officer or body pre- scribed in this section and shall take effect, in the case of an officer who is not a school district officer and whose term of office continues by law until a successor is chosen and qualifies, upon the qualifica- tion of the successor; and in the case of other officers including school district officers, at the time indi- cated in the written resignation . . ..

Sec. 17.01, Stats.

Section 60.30(4)(a), Stats., mandates that every elected town treasurer shall hold his or her office for a term of two years. Thus, the office of town treasurer is not an office held until the treasurer's successor is cho- sen. Therefore, for the purposes of this case, Schuett's resignation would become effective under the statute upon: (1) being made in writing; (2) being addressed and delivered to the town board, and (3) "at the time indi- cated in the written resignation." Sec. 17.01(13), Stats.

Ortin maintains that the statute precludes Schuett from withdrawing the resignation because it was made in writing, was properly addressed and delivered to the town board, and was "to become effective November 1, 1989." Schuett responds that the November 1 date was conditioned upon an audit being performed.

■■■■

Statutory construction is a question of law. *State v. Panno,* 151 Wis. 2d 819, 824, 447 N.W.2d 74, 76 (Ct. App. 1989). The courts must first construe the statute by looking to the words contained in the statute. *Id.* at

824–25, 447 N.W.2d at 76. In construing statutes, resort may be had to a recognized dictionary. *Id.* at 825, 447 N.W.2d at 76.

The statute does not state that a resignation is effective on the *date* indicated, but at the *time* indicated. While the word "time" *can* mean "a definite moment, hour, day, or year as indicated or fixed by a clock or calendar," *Webster's Third New Int'l Dictionary* 2394 (1976), this definition is subsequent to a more general definition of "time." Time is "the point or period when something occurs; the moment of an event, process or condition." *Id.* We hold the latter definition to be the legislature's intent.

The instant statute cannot reasonably be read so as to dictate a known or fixed moment, date or year. If the legislature had meant to do that, it would have used the more specific word—"date."

Applying this term to the facts at hand, the "point when something occurs" may be after a condition precedent has been fulfilled. We conclude that the statute does not prohibit resignations being made on a conditional basis.

Ortin argues that even if the statute does not prohibit conditional resignation, public policy should. Indeed, the trial court's ruling stems not from its reliance upon the statute, but upon public policy founded upon "Illinois law."

Ortin argued in the trial court, and argues here, that we should follow "Illinois precedent" that once a resignation is submitted, it cannot be withdrawn.

We have reviewed the Illinois cases which are fully discussed in *People ex rel. Coker v. Owen,* 451 N.E.2d 1021 (Ill. App. Ct. 1983). Those cases concern situations where a public office holder delivered an unconditional

resignation, the resignation was received and then the public office holder withdrew the resignation. The Illinois courts determined that public policy demands certainty as to who is and who is not a public officer. Public policy also demands that there be no vacancies. Unconditional resignations, later withdrawn, violate that public policy.

We do not have to engage in an analysis of whether to adopt the rationale of the Illinois cases because they are inapplicable. The Illinois cases deal with unconditional resignations delivered, received and then withdrawn. The case at bar is a conditional resignation. It is not effective immediately; it neither creates a vacancy nor causes immediate uncertainty about who is the public officer.[1] We hold that the Illinois rationale is inapplicable to conditional resignations. A written conditional resignation is simply a statement that when certain conditions are met, the resignation will be effective. The public office holder is still in office until those conditions are met. No vacancy has yet occurred; there is no uncertainty about who has the office. We perceive no reasonable explanation for outlawing conditional resignations.

Here, Schuett wrote that she would resign if an "independent" audit were conducted by November 1, 1989. The date passed without the town board even taking steps to obtain an audit.[2] The condition went unful-

---

[1] In fact, the *Coker* court pointed out that where a resignation has no set date or is not meant to be effective immediately, the public policy rationale does not pertain. *See People ex rel. Coker v. Owen,* 451 N.E.2d 1021, 1024 (Ill. App. Ct. 1983) (discussing *Chicago ex rel. Martin-Trigona v. O'Malley,* 372 N.E.2d 671 (Ill. 1978)).

[2] The town maintains that the condition Schuett placed upon it is unlawful since no one can "force" the town to have an audit.

filled. Schuett had a proper basis to assert that the resignation was not effected. We reverse and remand with directions that the writ of mandamus be quashed.

*By the Court.*—Judgment reversed and cause remanded with directions.

The town observes that it and it alone has the power to order an audit. The argument is meritless. Schuett was not trying to "force" the town to have an audit performed. Rather, the town was requested to order an audit as a *quid pro quo* to Schuett's resignation. The town had a choice. It could order the audit and accept the resignation or refuse to order the audit and there would be no resignation. The town was not "forced" to do anything.