IN RE the MARRIAGE OF: Mildred LANG, Petitioner-Appellant,

v.

Clifford W. LANG, Respondent.

Supreme Court

*No. 89–1859. Argued January 4, 1991.—Decided April 12, 1991.*

(Also reported in 467 N.W.2d 772.)

For the petitioner-appellant there was a brief (in the court of appeals) by *Terry W. Rose* and *Rose & Rose,* Kenosha and oral argument by *Terry W. Rose.*

For the respondent there was a brief (in the court of appeals) by *Robert W. Weber,* and *Schwartz, Weber, Tofte & Nielsen, S.C.,* Racine and oral argument by *Mary Ann Boehnlein* of *Jastroch & LaBarge,* Waukesha.

LOUIS J. CECI, J. This case is before the court on certification from the court of appeals, pursuant to sec. (Rule) 809.61, Stats. Mildred Lang (petitioner) commenced an action against Clifford Lang (respondent)

which sought, *inter alia,* an absolute divorce and division of the property of the parties.

The petitioner appeals from a judgment of the circuit court for Kenosha county, David M. Bastian, Circuit Judge. The circuit court granted the petitioner's request for an absolute divorce, ruled that certain property was not subject to division under sec. 767.255, Stats.,[1] and divided equally the rest of the parties' property.

There are three issues raised by this appeal. The first issue is whether the proceeds of a life insurance policy constitute an inheritance or gift within the meaning of sec. 767.255, Stats., and therefore are not subject to division in the beneficiary's divorce proceedings. The second issue is whether a right of survivorship in a joint tenancy is an inheritance within the meaning of sec. 767.255, and therefore not subject to division in a divorce proceeding. The third issue is whether property owned by one of the parties prior to the marriage is subject to division under sec. 767.255.

We hold that neither insurance proceeds nor a right of survivorship in a joint tenancy constitute an inheritance within the meaning of sec. 767.255, Stats. Accordingly, we conclude that the circuit court properly ruled that both were subject to division. We further hold that

[1]Section 767.255, Stats., provides in relevant part as follows:

**767.255  Property division . . ..** Any property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage . . .. The court shall presume that all other property is to be divided equally between the parties . . ..

214

property one of the parties owned prior to the marriage is also subject to division under sec. 767.255.

We leave for another day the question of whether life insurance proceeds constitute gifts within the meaning of sec. 767.255 because the petitioner did not raise this issue in the circuit court. *Wirth v. Ehly,* 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980). However, we do note that any party who seeks to establish that life insurance proceeds constitute a gift within the meaning of sec. 767.255 must deal with the difficult question of interspousal gifts if the beneficiary is the decedent's spouse. *See generally* L. Golden, *Equitable Distribution of Property,* sec. 5.27 (1983 & Supp. 1990).[2]

The facts of this case relevant to this appeal are not in dispute. The petitioner and the respondent were married on March 6, 1969. It was the second marriage for both parties. The petitioner's first husband died on January 27, 1966. At the time of his death, the petitioner and her former husband owned as joint tenants with rights of survivorship a residence at 1008 Burlington Road, Kenosha, Wisconsin. After his death, the probate court terminated the petitioner's former husband's interest in said residence. At the time the petitioner commenced this action, said residence was held in her name alone and was being used by the parties as a rental property.

The petitioner was the beneficiary of a life insurance policy on her former husband's life for approximately $20,000. At the time of her marriage to the

---

[2]The record and the briefs do not even begin to address the issue of interspousal gifts. Accordingly, we cannot address the issue of whether life insurance proceeds are gifts within the meaning of sec. 767.255 under any exception to the general rule that issues not raised below will not be addressed by this court. *Wirth,* 93 Wis. 2d at 443–44.

respondent, the petitioner retained approximately $17,000 to $18,000 of the insurance proceeds in her name alone in two separate bank accounts. At the time the petitioner commenced this action, $5,196 of those insurance proceeds remained in an account at Kenosha Savings and Loan Association in her name alone. The respondent does not dispute the petitioner's contention that those funds were never commingled.[3]

In addition to the residence and the insurance proceeds, the petitioner owned prior to her marriage to the respondent two life insurance policies with cash values. One policy was issued by Prudential and the other was issued by State Farm. The petitioner owned both of the policies at the time she commenced this action.

The petitioner argued in the circuit court that the right of survivorship in the residence at 1008 Burlington Road and the life insurance proceeds were inheritance and, therefore, were not subject to division. The petitioner also argued in the circuit court that the life insurance policies she currently holds are not subject to division because she owned them prior to her marriage to the respondent.

The circuit court rejected the petitioner's arguments and ruled that all three assets were subject to division. The circuit court reasoned that the residence at 1008 Burlington Road was not inherited because the petitioner's former husband did not own the residence in his name only, and, therefore, the petitioner simply acquired the property in full as the sole living joint tenant. In rejecting the petitioner's claim that the life insurance proceeds were inheritance, the circuit court reasoned

---

[3]The respondent did not raise in the circuit court or this court the issue of whether the interest the proceeds generated were subject to division and the effect of that interest on the concept of commingling of assets.

that a life insurance policy is nothing more than a contract between the decedent and a third party to pay the beneficiary monies upon the decedent's death. The circuit court's decision does not indicate its reasoning for rejecting the petitioner's claim that the Prudential and State Farm policies are subject to division.

The circuit court entered judgment on September 25, 1989. The petitioner appealed from the judgment of the circuit court, and the court of appeals certified the appeal to this court.

Whether an asset is subject to division under sec. 767.255, Stats., is a question of law. *In re Marriage of Weiss v. Weiss,* 122 Wis. 2d 688, 692, 365 N.W.2d 608 (Ct. App. 1985). Statutory construction and the interpretation of a term used in a statute is also a question of law. *Ortin v. Schuett,* 157 Wis. 2d 415, 418–19, 459 N.W.2d 596 (Ct. App. 1990). Accordingly, we will independently and without deference review the circuit court's determination that the assets in question were subject to division. *Ball v. District No. 4, Area Board,* 117 Wis. 2d 529, 537, 345 N.W.2d 389 (1984).

## INSURANCE PROCEEDS

The petitioner contends that the life insurance proceeds constitute inheritance within the meaning of sec. 767.255, Stats., and therefore are not subject to division, for three reasons. First, the life insurance proceeds were taxed under sec. 72.12(7), Stats., which is commonly referred to as an "inheritance tax." Second, inheritance is commonly understood to include life insurance proceeds. Third, ordinary people view life insurance proceeds as being like inheritance; therefore, life insurance,

217

like inheritance, should not be subject to division. We disagree.

While sec. 72.12, Stats., does impose a tax on what is commonly thought of as inheritances, labeling it "an inheritance tax" is misleading. Section 72.12 imposes a tax on the right to receive property. *In Matter of Estate of Laev,* 115 Wis. 2d 168, 174, 340 N.W.2d 223 (Ct. App. 1983). The taxing event is the transfer of certain classifications of property. *Id.* These classifications include transfers that occur after death, such as transfers by will and intestate succession, and transfers between living persons that occur before death, such as transfers in contemplation of death (transfers for less than adequate or full consideration that occur within two years prior to death). Sections 72.12(1), (2), and (4).[4] Given the court of appeals' holding in *Herlitzke v. Herlitzke,* 102 Wis. 2d 490, 492-93, 307 N.W.2d 307 (Ct. App. 1981), that inheritance within the meaning of sec. 767.255 does not include transfers of property between living persons, sec. 72.12 taxes a broader range of transactions than inheritance within the meaning of sec. 767.255.

Furthermore, the term "inheritance" does not even appear in sec. 72.12. Instead, ch. 72 is titled "Inheritance, Estate and Gift Tax." While words that appear in the title of a chapter of the statutes may be indicative of legislative intent, the fact that the term "inheritance" appears in the title of ch. 72 does not mean the legislature intended inheritance to mean the same thing in secs. 72.12 and 767.255. The same term may have differ-

---

[4]In acknowledgment of the breadth of the taxes imposed by sec. 72.12 and other sections of ch. 72, references to "inheritance" taxes are to be exchanged for references to "death" and "estate" taxes in 1992. 1987 Wis. Act 27, secs. 1490m, 1494m, 2117g, 3203(47)(zf).

ent meanings when it is used in different statutes. *Rupp v. Swineford*, 40 Wis. 28, 30–31 (1876).

Moreover, the history of sec. 767.255 proves that the legislature intended inheritance to have a different meaning in sec. 767.255 than transactions subject to taxes under sec. 72.12. As originally enacted in 1977, sec. 767.255 was numbered 247.255 and provided in relevant part that:

> Any property *inherited* by either party prior to or during the course of the marriage shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage . . .. The court shall presume that all other property except *inherited property* is to be divided equally between the parties . . ..

Section 247.255, Stats. 1977 (emphasis added). Chapter 196, sec. 29, Wis. Laws of 1979, effective August 1, 1980, amended sec. 767.255 so that the section now provides in relevant part that:

> Any property shown to have been acquired by either party prior to or during the course of the marriage as a *gift, bequest, devise or inheritance* or to have been paid for by either party with funds so acquired shall remain the property of such party and may not be subjected to a property division under this section except upon a finding that refusal to divide such property will create a hardship on the other party or on the children of the marriage . . .. The court shall presume that all other property is to be divided equally between the parties . . ..

Section 767.255, Stats. (emphasis added).

219

The fact that the legislature amended sec. 767.255 to add "bequest" and "devise" when the section already included "inheritance" is significant to the interpretation of inheritance under two important rules of statutory construction.[5] First, there is a presumption that the legislature intends to change the law by creating a new right or withdrawing an existing right when it amends a statute. *Estate of Nottingham,* 46 Wis. 2d 580, 590, 175 N.W.2d 640 (1970); *see generally* 1A Sutherland, *Statutes and Statutory Construction,* sec. 22.30 at 265 (4th ed. 1985) [hereinafter Sutherland]. Second, "a statute should not be construed so as to render any portion or word surplusage." *State v. Ross,* 73 Wis. 2d 1, 5, 242 N.W.2d 210 (1976).

Under these two principles of statutory construction, we must conclude that the legislature, by adding the words "bequest" and "devise" to sec. 767.255, was adding types of transactions not included in the preexisting term of "inheritance." To conclude otherwise would make "bequest" and "devise" surplusage which does not affect the rights of the parties to a divorce proceeding.

The conclusion that inheritance within the meaning of sec. 767.255 does not include bequests and devises defeats the petitioner's position that inheritance in sec. 767.255 means transactions subject to the "inheritance tax" imposed by sec. 72.12. Section 72.12(1) imposes a tax on transfers by will. Accordingly, if the legislature

---

[5]Our resort to the principles of statutory construction does not conflict with the court of appeals' holding in *Herlitzke* that "inherited property" is not an ambiguous term, 102 Wis. 2d at 492, because the *Herlitzke* court was interpreting sec. 767.255 as it read before it was amended to include "bequest" and "devise." *Id.* at 491–92.

had intended inheritance to include all transactions subject to taxation under sec. 72.12, there would have been no need for the legislature to add bequest, a transfer of personal property by will,[6] and devise, a transfer of real property by will,[7] to sec. 767.255.

The amendment of sec. 767.255 to include bequest and devise also undermines the petitioner's argument that inheritance should be interpreted to include life insurance proceeds because inheritance is commonly understood to include life insurance proceeds.[8] When interpreting a term used in a statute, its "meaning must be found in its context and relation to the subject matter." *Lukaszewicz v. Concrete Research, Inc.,* 43 Wis. 2d 335, 342, 168 N.W.2d 581 (1969). Accordingly, a term with a common meaning and a technical meaning should be given its technical meaning if the context in which the term is used calls for such a meaning. 2A Sutherland, sec. 47.28 at 223.

"Inheritance" was placed by the legislature in sec. 767.255 next to three terms with a technical meaning in the law: gift, bequest, and devise. *See Sleeper v. Sleeper,* 184 N.J. Super. 544, 548, 446 A.2d 1220, 1222 (1982)

---

[6]*Black's Law Dictionary* 160 (6th ed. 1990).

[7]*Id.* at 452.

[8]We do not agree with the petitioner's position that inheritance is commonly understood to include life insurance. *Webster's Third New International Dictionary* (1961) defines inheritance as "the act of inheriting property" and inherit as "to take by descent from an ancestor." The definition of inherit cited below notes that inherit means in a popular sense "to take or receive." Accordingly, we believe that what is commonly understood as inheritance is subject to dispute. This dispute further supports our conclusion that inheritance in sec. 767.255 should be given its technical meaning.

(holding that the terms "gift," "bequest," and "devise" have special significance in the law). In this context, inheritance should be given the technical meaning it is assigned in the law. Inheritance is defined in Black's Law Dictionary as:

> That which is inherited or to be inherited. Property which descends to heir on the intestate death of another. An estate or property which a person has by descent, as heir to another, or which he may transmit to another, as his heir.

*Black's Law Dictionary* 783 (6th ed. 1990). Inherit is defined as:

> To take or receive by inheritance; to take by descent as a matter of law as heir on death of ancestor; though this item has also come to mean to receive by devise (i.e., by will). Acquisition of property by descent and distribution. The word is also used in its popular sense as the equivalent of to take or receive.

*Id.* at 782–83.

Although the Black's Law Dictionary definition of inheritance suggests three definitions for the term (the traditional technical meaning of intestate succession; the newer meaning of to receive by devise, by will; and the popular meaning[9] of to take or receive), the only meaning that is reasonable in the context of sec. 767.255 is the traditional technical meaning of property taken by descent as the result of the intestate death of another. Under well-established principles of statutory construction, inheritance within the meaning of sec. 767.255 cannot mean to take by devise, by will, or take or receive by any means.

---

[9]We note that what is meant in a popular sense by inheritance is subject to dispute. *See supra,* n.8.

As discussed previously, when the legislature enacted sec. 767.255, it only excluded inheritance from division. The legislature subsequently amended sec. 767.255 to also exclude from division property received by gift, bequest, and devise. Under the principles of statutory construction previously discussed, *supra* at 220, the addition of gift, bequest, and devise to sec. 767.255 indicates an enlargement of the types of property exempt from division. Accordingly, inheritance cannot mean to take by devise, by will, or there would have been no need for the legislature to add to sec. 767.255 the terms "bequest" and "devise," which mean to transfer by will personal property and real property, respectively. Moreover, as previously discussed, such an addition would render the word "devise" in sec. 767.255 surplusage. For the same reasons, inheritance within the meaning of sec. 767.255 cannot mean to take or receive by any means.

Therefore, we conclude that inheritance, within the meaning of sec. 767.255, Stats., means property taken by descent as the result of the intestate death of another. Life insurance proceeds are not taken by descent as the result of the intestate death of another. Rather, the beneficiary of a life insurance policy is entitled to the death benefit the policy provides under the principles of contract law. *Ballentine v. De Sylva,* 226 F.2d 623, 633 n.11 (9th Cir. 1955), *aff'd* 351 U.S. 570 (1956) ("beneficiaries under an insurance policy take by virtue of the contract of insurance rather than by the laws of succession"). Accordingly, we conclude that life insurance proceeds are not inheritance within the meaning of sec. 767.255 and, therefore, are subject to division in a divorce proceeding.

The petitioner's third argument in support of her position that life insurance proceeds are not subject to

division under sec. 767.255 is that life insurance proceeds are like bequests, devises, and inheritances and, therefore, should be treated like them. We disagree. The petitioner is, in effect, asking this court to insert the words "life insurance proceeds" into sec. 767.255. Doing so would violate four principles of statutory construction. First, it would violate the maxim that the expression of one thing is the exclusion of another. *See generally Gottlieb v. Milwaukee,* 90 Wis. 2d 86, 95, 279 N.W.2d 479 (Ct. App. 1979). Since the legislature included the transfers of real and personal property by will or intestate succession as exceptions to the general rule that all property is subject to division, it excluded by implication life insurance proceeds.

Second, we will not read extra words into a statute to achieve a specific result. *In re Marriage of Noack v. Noack,* 149 Wis. 2d 567, 576, 439 N.W.2d 600 (Ct. App. 1989). Third, exceptions should be strictly construed. 2A Sutherland, sec. 47.11 at 144. Accordingly, we should strictly construe the words "gift, bequest, devise or inheritance" because they are exceptions to the general rule that all property of the parties is subject to division.

Fourth, even if it were appropriate to liberally construe the relevant clause of sec. 767.255, we cannot, under the guise of liberal construction, supply something that is not provided in a statute. *Application of Duveneck,* 13 Wis. 2d 88, 92, 108 N.W.2d 113 (1961). Significantly, other courts have construed similar property division statutes very narrowly. *See, e.g., Sleeper,* 184 N.J. Super. at 548, 446 A.2d at 1222 (holding that "gift, bequest or devise" does not include property received by intestate succession).

In conclusion, we note that the legislature is free to expressly add "life insurance proceeds" to the list of property excluded from division. For example, Congress amended the bankruptcy code after the federal courts concluded that life insurance proceeds did not constitute inheritance[10] within the meaning of a section vesting in the trustee all property received by the debtor by "bequest, devise or inheritance" within six months of the date of the filing of the bankruptcy petition. *See* 11 U.S.C. sec. 541(a)(5)(A) (1988).[11]

## RIGHT OF SURVIVORSHIP IN THE RESIDENCE AT 1008 BURLINGTON ROAD

The petitioner advances two arguments in support of her position that a right of survivorship in a joint tenancy constitutes an inheritance within the meaning of sec. 767.255, Stats. First, the right of survivorship is an inheritance because it was taxed under sec. 72.12, Stats., which is commonly referred to as the "inheritance tax." We have already rejected this argument, *supra* at 217–221. Second, the right of survivorship is an inheritance because it is a transfer by operation of law, and any transfer by operation of law due to death is an inheritance within the meaning of sec. 767.255. We disagree.

---

[10]*Klebanoff v. Mutual Life Ins. Co. of New York,* 362 F.2d 975, 979–80 (2d Cir. 1966). Interestingly, the *Klebanoff* court characterized as "spurious" the argument that life insurance proceeds constitute "inheritance." *Id.* at 979.

[11]Some Canadian provinces that have equitable distribution systems similar to the one created by sec. 767.255, Stats., have exempted both inheritance and life insurance from division. *See* Parkinson, *Who Needs the Uniform Marital Property Act?,* 55 Cincinnati L. Rev. 677, 692 n.75 (1987).

To support her position that inheritance is any transfer of property by operation of law due to death, the petitioner cites the following definition of inheritance from Ballentine's Law Dictionary: "An estate which has descended to the heir and has been cast upon him by the single operation of law." *Ballentine's Law Dictionary* 624 (3d ed. 1969). The definition does not support the petitioner's position for two reasons.

First, the quote is out of context. The full definition, excluding a discussion of the definition of inheritance under the Bankruptcy Act, reads as follows:

> In strict usage, the taking of property by descent or intestate succession. In common parlance, the taking of real or personal property by either will or intestate succession . . .. An estate which has descended to the heir and has been cast upon him by the single operation of law . . .. Property inherited; in common usage, property acquired by descent or through a will.

*Id.* (citations omitted). The full definition suggests only two meanings: (1) the strict usage of taking by descent or intestate succession and (2) the common usage of taking by descent or will. Under the analysis set forth above, the only reasonable meaning of inheritance within sec. 767.255 is taking by descent or intestate succession.

Second, the definition's reference to operation of law does not save the petitioner's position because the definition is referring to an heir taking by operation of law. An heir, according to the same legal dictionary cited by the petitioner, is:

> Broadly, one who succeeds to either real or personal property of a decedent who dies *intestate* . . .. At common law and by modern technical usage in some jurisdictions, one who succeeds to the real property of one dying *intestate.*

226

*Id.* at 554 (emphasis added; citations omitted). The legal dictionary cited by the petitioner clearly defines an heir as one who succeeds to property upon the intestate death of another. Accordingly, the portion of the definition of inheritance cited by the petitioner referring to inheritance as "[a]n estate which has descended to the heir and has been cast upon him by the single operation of law" must be referring to a person who takes by virtue of the laws of intestate succession.

■ The petitioner did not take the property at 1008 Burlington Road by virtue of the laws of intestate succession. Rather, she took the residence by virtue of her right of survivorship. Accordingly, her interest in the property is not an inheritance within the meaning of sec. 767.255.

Moreover, this court has already held that:

> Since the death of one joint tenant extinguishes his estate, leaving the fee in the survivor, a joint tenancy is not deemed an estate of inheritance, and is not subject to dower or curtesy.

*Jezo v. Jezo,* 23 Wis. 2d 399, 406d, 127 N.W.2d 246, 129 N.W.2d 195 (1964). We may presume that the legislature knew of our holding in *Jezo* when it enacted sec. 767.255 in 1977. 3A Sutherland, sec. 68.10 at 418 (stating in a section discussing the interpretation of property division statutes that "there is a presumption that the legislature has acted with knowledge of pertinent former and existing law"). Accordingly, we may presume that the legislature knew that rights of survivorship in a joint tenancy did not constitute inheritance in a statutory section that did not provide so specifically.

Even if we do not employ this presumption, there are two other reasons why rights of survivorship do not

constitute inheritance within the meaning of sec. 767.255. First, as previously discussed, the exclusion of inheritance from division is an exception to a general rule that all property of the parties is subject to division. Therefore, we should strictly construe what constitutes inheritance. 2A Sutherland, sec. 47.11 at 144.

Second, the position of a surviving joint tenant is not similar to one who takes property by will or intestate succession. Accordingly, a right of survivorship is not in the nature of an inheritance.

> Joint property is not inherited. The property is transferred at the time the joint ownership is created. At the moment of death of a joint tenant, the deceased's joint tenant's share disappears and the surviving tenant becomes the sole owner.

3 E. Fiore, Jr., M. Friedlich, T. McInerney, & A. Chevat, *Modern Estate Planning,* sec. 15.04[4] at 15–7 (1990); *see also Bonnell v. Bonnell,* 117 Wis. 2d 241, 247, 344 N.W.2d 123 (1984) (" 'Each of the joint tenants possesses a present estate, and is seized of the whole estate; he has an undivided share of the whole estate rather than the whole of an undivided share.' " (quoting 48A C.J.S. *Joint Tenancy,* sec. 22 (1981))).

The petitioner does not cite any authority to support her position that a right of survivorship constitutes inheritance within the meaning of sec. 767.255. Moreover, there is authority to the contrary set forth above. Accordingly, we conclude that a right of survivorship does not constitute inheritance within the meaning of sec. 767.255, Stats.

In conclusion, we note that the legislature is free to add rights of survivorship to the list of assets that are excluded from division. We note that at least one other

jurisdiction with a similar property division statute has expressly included rights of survivorship among its list of property not subject to division. *See* Va. Code sec. 20–107.3A1(ii).

## LIFE INSURANCE POLICIES

The petitioner makes only one argument in support of her position that the Prudential and State Farm life insurance policies are not subject to division: she owned them prior to the marriage. Under sec. 767.255, Stats., the only property of the parties not subject to division is "property shown to have been acquired by either party prior to or during the course of the marriage as a gift, bequest, devise or inheritance or to have been paid for by either party with funds so acquired . . .." Accordingly, property owned by one of the parties prior to the marriage that was not acquired by gift, bequest, devise, or inheritance or with funds so acquired is subject to division under sec. 767.255. *Marriage of Arneson v. Arneson,* 120 Wis. 2d 236, 245–46, 355 N.W.2d 16 (Ct. App. 1984). Therefore, the Prudential and State Farm life insurance policies are not exempt from division merely because the petitioner owned them prior to her marriage to the respondent.[12]

However, the court may alter the presumed equal division of the property between the parties after consid-

---

[12]We note that the petitioner's counsel essentially conceded this point when he stated at oral argument that if the residence at 1008 Burlington Road was not inheritance within the meaning of sec. 767.255, it is subject to division. Implicit in that statement is an admission that property brought to the marriage is subject to division unless it falls under one of the specifically enumerated exceptions.

ering a number of factors set forth in sec. 767.255, including the "property brought to the marriage by each party." Section 767.255(2), Stats. The distribution of the property which is subject to division under sec. 767.255 is a discretionary act and, therefore, will not be reversed absent an abuse of discretion. *In re Marriage of Krebs v. Krebs,* 148 Wis. 2d 51, 55, 435 N.W.2d 240 (1989). The record shows that the circuit court did not abuse its discretion in dividing the property equally, notwithstanding the fact that the petitioner brought a significant amount of assets to the marriage, given the length of the marriage.

*By the Court.*—The judgment of the circuit court is affirmed.