IN the MATTER OF THE GUARDIANSHIP AND PROTECTIVE
PLACEMENT OF GENEVIEVE M.:

WAUKESHA COUNTY, Petitioner-Respondent,

v.

GENEVIEVE M., Respondent-Appellant.

Court of Appeals

No. 2009AP1755–NM.
*Submitted on memorandum August 25, 2009.*
*—Decided October 7, 2009.*

2009 WI App 173

(Also reported in 776 N.W.2d 640.)

On behalf of the respondent-appellant, the cause was submitted on the memorandum of *Lora B. Cerone*, assistant public defender of Madison.

On behalf of the petitioner-respondent, no memorandum was filed.

Before Brown, C.J., Neubauer, P.J., and Snyder, J.

¶ 1. PER CURIAM    This appeal is taken from an order appointing a guardian of the person and guardian of the estate for Genevieve M. under WIS. STAT. ch. 54 (2007–08),[1] and from an order requiring her protective placement under WIS. STAT. ch. 55. WISCONSIN STAT. § 752.31(1) requires this court to sit in panels of three judges to dispose of cases on their merits. However, § 752.31(2)(d) and (3) provide that appeals in cases under ch. 55 are to be decided by one court of appeals judge. We sua sponte raised whether this appeal should be decided by a three-judge panel or by one judge. Only the appellant has filed the required memorandum addressing the issue and she argues that the appeal

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

should be decided by one judge. We conclude that decision by a three-judge panel is required.

¶ 2.   The Waukesha county health and human services department discovered that Genevieve M. was in need of emergency protective placement. The Department filed a statement for emergency protective placement under WIS. STAT. § 55.135(1) and petitions for guardianship and protective placement. A single case number was assigned in the circuit court, the petitions were decided together, and the orders granting the petitions were entered the same day. The notice of appeal states that the appeal is taken from the "determination and order on petition for Guardianship due to incompetency." Although the notice of appeal does not specifically identify the order for protective placement, we construe the notice to appeal both orders.[2]

¶ 3.   When a person is placed under emergency protective placement and is not under guardianship, WIS. STAT. § 55.135(4) requires that a petition for guardianship accompany the protective placement petition. A guardian of the person or the estate, or both, is appointed under WIS. STAT. § 54.10(3), and applied for under WIS. STAT. § 54.34. A petition for guardianship may also include an application for protective placement or services under WIS. STAT. ch. 55. Sec. 54.34(2).

---

[2] The failure of the notice of appeal to correctly identify the final appealable document is not fatal to appellate jurisdiction. *See Carrington v. St. Paul Fire & Marine Ins. Co.*, 169 Wis. 2d 211, 217 n.2, 485 N.W.2d 267 (1992). The caption has been amended to reflect that the appeal is taken from both orders. Following entry of the order for protective placement, the appellant timely filed a notice of intent to pursue postdisposition relief under WIS. STAT. RULE 809.30(2)(a). That notice may be construed as a timely notice of appeal from the order appointing a guardian.

Thus, as Genevieve M. asserts, petitions under WIS. STAT. chs. 54 and 55 are commonly filed and heard together. When an appeal is taken from the orders granting both petitions, this court is presented with the question of whether the appeal should be decided by a three-judge panel or one judge. It has been recognized that uniformity in the docketing of cases before the court of appeals is desirable.[3] *In re Court of Appeals of Wisconsin*, 82 Wis. 2d 369, 373, 263 N.W.2d 149 (1978).

[3] A search of this court's docketing system on how dual appeals have been handled reflects inconsistent treatment. For appeals from orders for both guardianship and protective placement matters decided by a three-judge panel, see: *Linda L. v. Collis*, 2006 WI App 105, 294 Wis. 2d 637, 718 N.W.2d 205; *Grant County Dep't. of Social Servs. v. Unified Board*, 2004 WI App 153, 275 Wis. 2d 680, 687 N.W.2d 72, *vacated*, 2005 WI 106, 283 Wis. 2d 258, 700 N.W.2d 863; *Knight v. Milwaukee County*, 2001 WI App 147, 246 Wis. 2d 691, 633 N.W.2d 222, *rev'd*, 2002 WI 27, 251 Wis. 2d 10, 640 N.W.2d 773; *Coston v. Joseph P.*, 222 Wis. 2d 1, 586 N.W.2d 52 (Ct. App. 1998); *Ethelyn I.C. v. Waukesha County*, 221 Wis. 2d 109, 584 N.W.2d 211 (Ct. App. 1998); *Jefferson County v. Joseph S.*, 2009AP804 (appeal pending); *Constance N. v. Anna Mae Z.*, 2009AP795 (appeal pending); *State v. Joan S.*, 2009AP1116–NM (appeal pending); *Ralph J. v. Walworth County*, No. 2006AP641, unpublished slip op. (WI App Mar. 7, 2007); *Dane County Dep't. of Human Servs. v. Margaret D.*, No. 2005AP1319–FT, unpublished slip op. (WI App Sept. 22, 2005); *Angelo D. v. Milda Z.*, No. 2003AP3318/3319, unpublished slip op. and order (WI App Sept. 22, 2004); *Waukesha County v. Dodge County*, No. 2000AP2754, unpublished slip op. (WI App Nov. 15, 2001); *Teresa L. v. Sauk County*, No. 1994AP1470/2426, unpublished slip op. (WI App Jan. 11, 1996). For appeals from orders for both guardianship and protective placement matters originally assigned for decision by one judge, see: *Walworth County v. Therese B.*, 2003 WI App 223, 267 Wis. 2d 310, 671 N.W.2d 377 (converted to three-judge case); *Dane County Dep't. of Human Servs. v. Michael L.*, No. 2007AP1641, unpublished slip op. (WI App May 8, 2008);

¶ 4. We first observe that it would be inimical to the efficient use of judicial resources and unworkable to have separate but parallel appeals from petitions under WIS. STAT. chs. 54 and 55 that were filed and heard together. This court is not required to docket two separate appeals simply because the underlying case straddles the three-judge and one-judge decision process set forth in WIS. STAT. § 752.31.

¶ 5. The plain language of WIS. STAT. § 752.31(1) establishes that all appeals before the court of appeals shall be decided by a panel of three judges. Section 752.31(3) merely provides exceptions to the general rule for the types of cases listed in § 752.31(2). Exceptions are to be strictly construed and applied. *See Lang v. Lang*, 161 Wis. 2d 210, 224, 467 N.W.2d 772 (1991). Accordingly, all doubts about whether an appeal should be decided by a three-judge panel or one court of appeals judge should be resolved in favor of the default rule that a three-judge panel be utilized. *See Wisconsin Fertilizer Ass'n, Inc. v. Karns*, 52 Wis. 2d 309, 317–18, 190 N.W.2d 513 (1971) (with regard to exemptions to safety statutes all doubts should be resolved in favor of the general provision rather than the exception). Thus, where an appeal involves the type of case specified in

*Shawano County v. Bermuda H.*, No. 1999AP2070, unpublished slip op. (WI App Dec. 14, 1999); *County of Pepin v. Robert O.O.*, No. 1998AP824, unpublished slip op. (WI App Aug. 11, 1998); *Milwaukee County v. Edward S.*, No. 1998AP1304–FT, unpublished slip op. (WI App July 28, 1998); *Milwaukee County v. Anna B.*, No. 1994AP2655, unpublished slip op. (WI App July 5, 1995) (converted to three-judge case). The error, if any, in assigning cases to be decided by a single judge rather than a three-judge panel is waived when no timely objection is made. *State v. Welsh*, 108 Wis. 2d 319, 323, 321 N.W.2d 245 (1982), *vacated on other grounds,* 466 U.S. 740 (1984).

§ 752.31(2)(d), and also involves a case which § 752.31(1) requires to be heard by a three-judge panel, the appeal will be assigned for decision by a three-judge panel. This is consistent with this court's practice of having the chief judge order a one-judge appeal to be decided by a three-judge panel when the appeal is consolidated with an appeal required by statute to be heard by a three-judge panel. *See* WIS. STAT. RULES 809.10(3), 809.41(3). This does not change that appeals which involve only a protective placement order or other order confined to a proceeding under WIS. STAT. ch. 55, such as a termination petition under WIS. STAT. § 55.17 or annual review under WIS. STAT. § 55.18, will be assigned for decision by one court of appeals judge.

¶ 6.   Genevieve M., represented by the state public defender, argues that the protective placement aspect of the case should control because the state public defender provides counsel only for WIS. STAT. ch. 55 petitions and a person facing only a guardianship petition under WIS. STAT. ch. 54 is not appointed counsel by the state public defender. She also points out that this appeal is taken under the procedures and time limits in WIS. STAT. RULES 809.30 and 809.32, procedures that are applicable to ch. 55 but not ch. 54 cases. Neither WIS. STAT. § 977.08(1), setting forth the state public defender's duty of representation under WIS. STAT. § 55.105, nor RULES 809.30 and 809.32 reference WIS. STAT. § 752.31 or relate to how this court assigns appeals for decision. We reject that the application of § 752.31 is determined by whether counsel is appointed by the state public defender or the use of procedures under RULES 809.30 and 809.32. Likewise, that this court will assign an appeal involving both an order for guardianship and an order for protective placement to a three-judge panel does not affect the appellant's entitle-

ment to counsel appointed by the state public defender regarding the protective placement order or the procedure used to timely bring the appeal to this court.

*By the Court.*—Assignment for decision by a three-judge panel confirmed.